LEVI SILBERMAN et al., Respondents, *v.* EDWARD H. CLARK et al., Appellants.

Defendants contracted to sell to plaintiff, and the latter to purchase at a price specified, four thousand tons of steel rails "*f. o. b.*, Continental port.

Inspection at makers' works." In an action to recover moneys paid by plaintiff for the inspection of the rails it was proved that the letters "*f. o. b.*" meant "free on board" the vessels which were to carry the rails to this country. *Held*, that after explanation of the letters had been given the contract was clear and unambiguous; that inspection was one of the things to be done in pursuance of the contract, and the expense thereof the same as all other expenses touching performance was to be borne by defendants ; that the meaning could not be changed or varied by parol evidence; and that, therefore, testimony as to a custom of the trade giving a different meaning to the words used was properly rejected.

(Argued June 20, 1884 ; decided October 7, 1884.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made June 5, 1882, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Charles C. Beaman* for appellants.

*Albert Abbott* for respondents.

EARL, J.   This action was brought to recover for money paid by the plaintiffs for the inspection of steel railroad rails bought by them of the defendants, and the question is who, under the contract between the parties, was bound to pay for the inspection.

The contract, dated February 20, 1880, required the rails (four thousand tons) to be "first-class German make, usual good merchantable, free from flaws and cracks, and all imperfections; price, nine pounds, two shillings and sixpence per ton, *f. o. b.* Continental port. Inspection at maker's works ; payment by J. & W. Seligman's letter of credit on London, at four months' date, to be furnished within four days." In pursuance of this contract the plaintiffs delivered to the defendants the letter of credit signed by J. & W. Seligman & Co., dated March 6, 1880, for £36,500 sterling, the precise price of the four thousand tons, which provided that certificates of inspec-

tion, certified invoices, and bills of lading. should accompany each draft upon the credit. It was proved that the letters *f. o. b.* meant "free on board" the vessels which were to carry the rails to this country.

It cannot be said that inspection in such cases is for the exclusive benefit of either party. It is clearly for the benefit and protection of both parties. In the absence of any stipulation in such a contract, or of a general custom known in the trade, neither party would have to provide for any inspection, nor would be bound by any if made. The seller would have to deliver the rails at his peril, and the buyer would have to reject them as not complying with the contract, or receive them as complying therewith when tendered. If this contract had simply provided for the "usual inspection," then it would probably have been open for either party to show what was meant by "usual inspection" and under what circumstances, by whom, and at whose expense the inspection was to be made, according to the established custom of the trade.

In this contract, after the letters *f. o. b.* are explained and understood, there is nothing ambiguous. There is no latent ambiguity which needs explanation. All the language has a meaning, and hence there is no room, under the rules of law, for parol evidence. The meaning of the language used cannot be changed or varied by the proof of any custom, and hence there was no error in this case upon the trial in excluding such proof. The purchasers were bound to do but one thing and that was to pay through the letter of credit. The price was named and that was all they were to pay. The rails were to be inspected before their delivery and were to be delivered free on board the vessel for the price named. Inspection was one of the things to be done in pursuance of the contract, and the expenses of that, like all the other expenses touching performance, were to be borne by the sellers. The words "free on board" and the provision as to inspection, are to be construed together. The buyers were to have the rails free on board with the inspection, and this they could not have if they were to be subjected to the expenses of inspection. We think

this is the natural and obvious construction of the language used and should prevail.

Therefore, the plaintiffs were entitled at the trial, to have a verdict directed in their favor, and no error to the prejudice of the defendants was committed.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed. ·