Brady, J.
This controversy is here for the second time. On the first trial the verdict, which was for the plaintiffs, was reversed by the court of appeals, and upon the ground that, taking the undisputed evidence and reading the receipt signed by Miers in the light thereof, the conclusion could not be resisted that the plaintiffs conferred. upon Miers the power to sell the diamonds which they caused to be delivered to him. Smith v. Clews, 105 N Y., 283; 7 N. Y. State Rep., 350.
The plaintiffs then essayed, as they have here to show, that the diamonds were delivered only to be shown for approval, in other words, and not for sale, but the testimony clearly establishes that they were informed that they were' to be sold and not merely to be shown or submitted for approval Mr. Alfred H. Smith, one of the plaintiffs, admitted that he knew Miers was selling diamonds in Wall street, and Mr. Plumb, who was well known to the plaintiffs, and who introduced Miers to them, said that when he so introduced him he said to Mr. Smith that Mr. Miers thought he could sell a pair of knobs to Mr. Clews, if he saw a pair that suited him, and he also said “I brought him here that he could see the assortment,” and, further, that Miers looked at the assortment and selected one pair which he thought would suit Mr. Clew's. The result of this interview was that the stones thus selected were sent to Plumb, who delivered them to Miers.
These facts place the controversy within the rule declared by the court of appeals, namely, that the diamonds were delivered with power to sell, and this determines the controversy. The circumstances develop, beyond peradventure, the pursuit of diamonds to be sold. Mr. Miers told Mr. Smith, the witness, that he had a customer, and having selected a pair, said they would suit his customer, he thought, and this was in addition to what Plumb told them. This was followed by the delivery already mentioned.
The plaintiffs’ counsel has labored, and with great ingenuity, to overcome the effect of this evidence, by invoking the meaning in the trade, of the words on approval—the proposition .that Miers was the defendant’s agent in the transaction—that the defendant did not pay cash for the diamonds and that there was collusion between Miers and him. But none of these elements can aid him.
When the language employed is unambiguous and clear no evidence of custom is admissible to change their meaning. Custom cannot override a plain contract. Silberman v. Clark, 96 N. Y., 522. But if the receipt be regarded as ambiguous, since the oral evidence establishes the transaction clearly, shows the intention in delivering the diamonds *8 beyond doubt, evidence of custom is equally inadmissible. Union Trust Co. v. Whiton, 97 N. Y., 172.
The testimony does not warrant either the proposition that Miers was the agent of the defendant or that there was collusion between them for any purpose. Miers was a seller of diamonds, acting for himself, and the defendant had purchased from him as a dealer. The plaintiffs knew he was such, not only from the statement of Plumb to them, but also from that of Miers himself, who told them he had a customer for the diamonds he selected. There is no evidence to show that the defendant knew from whom he obtained the diamonds or from whom he was to obtain them. Indeed, Miers did not know that he would obtain them from the plaintiffs, inasmuch as Plumb said to him, when conversing about the contemplated sale of a pair to Clews, that he would take him where he could see an assortment. There is no evidence that prior to the transaction of Miers with the plaintiffs the former was tainted in any way, and the suggestion of collusion has no foundation whatever.
_ The payment for the diamonds was made by giving other diamonds in part payment, crediting the balance to Miers, and subsequently paying that balance out for his benefit. The result is, as said by the court of appeals, that there is in the transactions between Miers and the defendant nought to assail their good faith. It is equally clear that the plaintiffs must suffer for an unfortunate episode in business in. which they placed too much faith in a person who proved recreant.
There appears to be no reason for disturbing the judgment appealed from and it must be affirmed, with costs.
Van Brunt, P. J., and Daniels, J., concur.