## SIMIS *v.* NEW YORK, L. E. & W. R. Co.

*(Common Pleas of New York City and County, General Term.  November 7, 1892.)*

1. PAROL EVIDENCE TO VARY WRITING.
   Where a printed 25-trip railway ticket is lost before use, evidence that at the time of purchase the agent of the railway company orally agreed to issue a duplicate, in case of loss, is inadmissible.

2. SAME—EVIDENCE OF CUSTOM.
   Evidence to prove a custom of the railroad company to issue duplicate tickets in lieu of those lost is incompetent, in the absence of ambiguity in the contract, as tending to show that one of the parties thereto agreed to do more than its language, expressly or by implication, requires.

Appeal from first district court.

Action by Adolph Simis against the New York, Lake Erie & Western Railroad Company.  Judgment for plaintiff.  Defendant appeals.  Reversed.

The action was to recover the amount paid for a railroad ticket, by the terms of which plaintiff, and the members of his family, were entitled to 25 trips on defendant's railroad within one year from its date, upon presentation of the ticket to the conductor and ferry master on the occasion of each trip, the ticket having been issued in consideration of the payment of a reduced rate of fare, and defendant having refused to issue a duplicate in lieu of the original, which was lost before its use was attempted.

Argued before BISCHOFF and GIEGERICH, JJ.

*Charles Steele*, for appellant.   *Adolph Simis, Jr.*, for respondent.

BISCHOFF, J.   The main questions sought to be presented on this appeal are whether, without any stipulation to that effect, defendant was bound to issue another ticket in lieu of the one lost, to enable plaintiff to secure the trips which he had paid for; whether, for a refusal so to do, it is answerable in damages; and whether the mutual rescission of the contract, of which the ticket was only the evidence, did not require defendant to restore the sum

paid in consideration of its promise to accord the trips. It is to be regretted that the admission on the trial of incompetent evidence, under objection and exception by defendant's counsel, for which a reversal of the judgment is imperative, renders their discussion futile. That the conditions upon which the ticket was issued were printed, made the contract entered into none the less one in writing, (*Benson* v. *McMahon*, 127 U. S. 467, 8 Sup. Ct. Rep. 1240;) and the admission of evidence offered for plaintiff, to the effect that at the time of the purchase of the ticket defendant's agent orally agreed to issue a duplicate in case of its loss, violated the familiar rule that an instrument in writing may not be added to by proof of a contemporaneous oral understanding, and that the writing, if not ambiguous, except in cases of fraud, accident, surprise, or mistake, is conclusive of what the parties have agreed. 1 Greenl. Ev. § 275.

To establish a custom by defendant of issuing duplicate tickets in lieu of those lost, plaintiff was permitted to introduce evidence to the effect that defendant had frequently issued them. Evidence of a custom, however, assuming the acts of issuing duplicates on other occasions to be such, is admissible only when its office is to remove an ambiguity, or to clear up some obscurity, (*Silberman* v. *Clark*, 96 N. Y. 522; *Barnum* v. *Insurance Co.*, 97 N. Y. 188, 193; *Hopper* v. *Sage*, 112 N. Y. 530, 534, 20 N. E. Rep. 350; *Newhall* v. *Appleton*, 114 N. Y. 140, 143, 21 N. E. Rep. 105;) and it is incompetent when offered to show that one of the contracting parties agreed to do more than the language of the contract expressly or by implication requires, (*Baker* v. *Drake*, 66 N. Y. 518; *Oelricks* v. *Ford*, 23 How. 65; *De Witt* v. *Berry*, 134 U. S. 306, 10 Sup. Ct. Rep. 536.) For the errors above mentioned the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to abide the event.