## DOWAGIAC MFG. CO. v. WHITE ROCK LUMBER & HARD-WARE CO.

1. Where there was a reservation of title to goods in the seller until settle-
ment therefor according to the terms of the contract, an action to re-
cover the agreed price could not be maintained by the seller, at com-
mon law, in the absence of a waiver of the stipulation reserving title.

2. By the express provisions of Rev. Civ. Code, § 2303, the measure of
damages for a breach by a buyer of his agreement to accept and pay
for personal property the title to which is not vested in him is the excess
of the amount due from the buyer under the contract over the value to
the seller, together with the expenses properly incurred in carrying

the property to market over those which would have been incurred for the carriage thereof if the buyer had accepted it, and, the statutory remedy being ample, the seller has no election to treat the sale as absolute, and sue for the purchase price.

(Opinion filed June 1, 1904.)

Appeal from circuit court, Roberts county; Hon. J. H. Mc-Coy, Judge.

Action by the Dowagiac Manufacturing Company against the White Rock Lumber & Hardware Company. From a judgment of dismissal, plaintiff appeals. Affirmed.

*E. T. Taubman* and *McCumber, Forbes & Jones,* for appellant.

*F. W. Murphy* and *Powell Bros. & Powell,* for respondent.

FULLER, J.   At the conclusion of the evidence offered at the trial of this action to recover the purchase price of certain farm machinery according to the alleged terms of a written contract both parties moved for the direction of a verdict, and this appeal is from a judgment dismissing the complaint, and for costs in favor of the defendant.

Appellant, a manufacturer of certain agricultural implements, authorized respondent to sell grain-seeding machinery to farmers residing in the vicinity of White Rock, and agreed "to appoint no other agent for said territory," provided all the stipulations entered into by respondent were fully performed. Although it is recited that, "in consideration of the above covenants, the party of the second part does hereby agree to purchase" the implements mentioned, and pay therefor at a specified time, it is further provided that "in all cases the title and ownership of goods covered by this contract shall remain and be vested in the party of the first part until sold by the party of the second part in the regular course of business, or

settled for as above, and all receipts arising from the sale of these goods shall belong exclusively and absolutely to the party of the first part until settlement is completed according to the terms of this contract.'' If there was a sale and delivery of the property, it is very evident that the title could not remain in the vendor, and, in the absence of a waiver of the foregoing stipulation, an action to recover the price agreed upon was not maintainable at common law. Gordon v. Norris, 49 N. H. 376. In the case of Allen v. Jarvis, 20 Conn. 38, the court say: ''The rule of damages in an action for the non-acceptance of property sold or contracted for is the amount of the actual injury sustained by the plaintiff in consequence of such nonacceptance, which is ordinarily the difference between the price agreed to be paid for it and its value, where such price exceeds the value.'' So, in Illinois, ''where a seller sues for the breach of a contract to purchase, and retains the title to the property, the measure of damages is the difference between the value of the property at the time fixed for delivery and the contract price.'' Burnham v. Roberts, 70 Ill. 19. In the case of Seckel v. Scott, 66 Ill. 106, it is held that ''special counts alleging that goods were bargained and sold cannot be supported, unless there has been an actual sale of the goods, and unless the property in them has become vested in the purchaser.''

Being harsh in its provisions, and written most strongly in appellant's favor, the contract before us should not be construed against respondent beyond reasonable implications. By eliminating the agency feature of the agreement and adopting the view most favorable to appellant, respondent promised to purchase personal property the ownership of which was ex-

pressly retained by the vendor, and its measure of damages is fixed by the statute as follows:   ''The detriment caused by the breach of a buyer's agreement to accept and pay for personal property, the title to which is not vested in him, is deemed to be  * * *  the excess, if any, of the amount due from the buyer under the contract, over the value to the seller, together with the excess, if any, of the expenses properly incurred in carrying the property to market, over those which would have been incurred for the carriage thereof, if the buyer had accepted it.'' Rev. Civ. Code, § 2303.   This ample statutory remedy renders inapplicable the argument and authorities presented by counsel for appellant to the effect that the testimony offered in support of its second cause of action should have been submitted to the jury, and that one who contracts for the sale of chattels upon condition that the titles shall remain in him until the consideration is fully paid may elect to retake the property, or treat the sale as absolute, and sue for the purchase price.   Not having such right of election, and being mistaken as to its proper remedy and true measure of damages under the written contract, there was a variance between the pleadings and the proof justifying the direction of a verdict in favor of respondent.

The view we have taken of the controlling question in the case makes it unneccessary to consider other points urged by counsel for appellant, and the judgment dismissing the complaint and for costs is affirmed.