## MANGANESE STEEL SAFE CO. v. FIRST STATE BANK OF LEOLA.

Civ. Code, § 1250, requires the whole of a contract to be taken together, so as to give effect to every part, if reasonably practicable. A safe company agreed to manufacture and deliver a safe for $825, and the purchaser's secondhand safe and time lock, which offer was accepted by the purchaser, who agreed to pay $1,200 for the new safe. Held, that under section 1250 the agreement was to pay $1,200 for the safe, with the privilege of paying $375 with the secondhand safe and time lock, and that the purchaser could only be relieved from paying the $375 in money by delivering the secondhand safe and time lock to the company within a reasonable time after delivery of the new safe.

Under Civ. Code, § 1245, requiring a contract to be interpreted to give effect to the mutual intent, an agreement to accept a secondhand safe and time lock, f. o. b. Leola, in part payment for a new safe, meant that the second-hand safe and time lock were to be delivered to the manufacturer of the new safe free on board the cars notwithstanding the omission of the word "cars."

The abbreviation "f. o. b." has a well-defined business meaning, and, as applied to the sale of merchandise destined for shipment, means that it will be placed on a car or vessel free of expense to the buyer.

In an action for the balance on the price of a safe, the seller offered evidence that the secondhand safe of the buyer, which it had agreed to accept f. o. b. in part payment, had been injured by burglary after the making of the contract, which evidence was excluded. Held that, it being incumbent on the buyer to place the safe on board cars to pass title thereto, and having failed to do so, the seller was entitled to recover the balance on the price, and it was immaterial what became of the second-hand safe, making the exclusion of such evidence proper.

Civ. Code, § 2303, fixing the measure of damages for breach of a buyer's agreement to accept personal property, title to which is not vested in him, as the excess of the amount due from the buyer over the value to the seller, does not apply to a conditional sale to prevent recovery by the seller of the purchase price, where the buyer has accepted the article sold, and not refusd to receive the same, and in such case the seller may sue for the price.

(Opinion filed, March 2, 1910.)

Appeal from Circuit Court, McPherson County. Hon. LYMAN T. BOUCHER, Judge.

Action by the Manganese Steel Safe Company against the First State Bank of Leola. Judgment for defendant, and plaintiff appeals. Reversed, and a new trial ordered.

*Taubman & Williamson,* for appellant.

When the vendee is sued for non-performance of the contract on his part, in not paying the contract price, if the goods have been delivered the measure of damages is, the price named in the agreement. Sedgwick on Damages, 312. The contract between plaintiff and defendant for the sale of the safe was a valid contract under the provisions of our law, and while the reservation of title to the safe in the plaintiff as security for the balance of the purchase price was a valid contract, plaintiff was not bound to rely upon these provisions of the contract but could and did waive it by commencing action to recover from the defendant the balance due upon the contract. Shepard v. Mills, 50 N. E. 709; Bank v. Thomas, 69 Tex. 237; Bensinger Co. v. Cain, 18 S. W. 136; Taylor & DeLansy Co. v. Hall, 7 So. 187; Merchants & Planters Bank v. Thomas, 6 S. W. 565; Herring-Hall-Marvin Co. v. Smith, 72 Pac. 704.

*James M. Brown,* for respondent.

We hereby agree to deliver f. o. b. cars our works, Plainfield, N. J., one of our No. 3 manganese steel bank safes, to be built in full accordance with specifications herewith submitted, for the sum of eight hundred twenty-five ($825.00) dollars, and your second hand Chicago No. 6 safe and time lock f. o. b. Leola, payable in New York funds, upon delivery of safe. The title to the No. 6 safe passed to plaintiff upon the acceptance of the contract, and the delivery of their safe thereunder; it had

been identified and the transfer agreed upon. § 950 Rev. Civil Code; O'Keefe v. Leistikow, 104 N. W. Rep. 515; Baker v. McDonald, 104 N. W. Rep. 923; Newmark on Sales, § 159; Schouler's Personal Property, Vol. 2, § 243; Mason v. Lievre, 78 Pac. Rep. 1040; Terry v. Wheeler, 25 N. Y. 520; Gardiner v. McDonogh, 81 Pac. 964.

McCOY, J. It appears from the record that respondent, First State Bank of Leola, agreed to purchase from appellant, Manganese Steel Safe Company, a certain bank safe under the following written contract:

"July 22, 1907. First State Bank, Leola, So. Dak. We hereby agree to deliver, f. o. b., cars our works, Plainfield, N. J., one of our No. 3, manganese steel safes to be built in full accordance with specifications herewith submitted, for the sum of eight hundred twenty five ($825.00) dollars, and your secondhand Chicago No. 6 safe and time lock f. o. b. Leola, payable in New York funds, upon delivery of safe. This contract covers all agreements between the parties hereto. All claims covering verbal agreements of any nature not embodied herein are hereby waived. All orders must be on this blank and are subject to the approval of the home office of the Manganese Steel Safe Co. Said safe shall remain our property until fully paid for. [Signed.] Manganese Steel Safe Co.

"The above proposal is hereby accepted subject to the approval of Pres. of board, and we agree to pay the sum of twelve hundred ($1200.00) dollars for one No. 3 manganese steel bank safe on the terms and conditions specified above. First State Bank of Leola, by John J. Hepperle, Cashier."

It further appeared that the Manganese Steel Safe Company approved said contract, and notified defendant thereof, and thereafter, about September 20, 1907, the said manganese steel safe was shipped to and received and accepted by defendant, and defendant paid to plaintiff $825 on the purchase price under said contract. It also appears that the secondhand Chicago No. 6 safe and time lock of defendant were never delivered to plaintiff f. o. b. Leola, or elsewhere, but that the same has at all times remained in the possession of defendant. Plaintiff brought this

suit on the contract to recover $375 money as the balance remaining unpaid on the purchase price of said new manganese steel safe purchased by defendant from plaintiff. At the conclusion of the evidence a verdict was directed in favor of defendant, to which plaintiff excepted, and now assigns as error the directing of such verdict. We are of the opinion that appellant is right in its contention, and that under the evidence a verdict might properly have been directed in favor of plaintiff. Under the rule for construing contracts provided by section 1250, Civ. Code, that the whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to construe the others, the only reasonable construction that can be placed on this contract is that defendant agreed to purchase the said manganese steel safe of plaintiff for $1,200, with the condition that the defendant might pay $375 thereof by the delivery to plaintiff of the said secondhand Chicago safe and time lock, providing defendant delivered said secondhand Chicago safe and time lock, on board the cars at Leola, free of expense to plaintiff. Although the word "cars" is omitted from the clause, "and your secondhand Chicago safe and time lock, f. o. b. Leola," still, by no possibility could it mean anything else, or other than that the said secondhand Chicago safe and time lock were to be delivered to plaintiff free on board the cars at Leola. By section 1245, Civ. Code, a contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful. The abbreviation "f. o. b." has a well-defined business meaning, and as applied to the sale of merchandise destined for shipment is a term used to indicate that it will be placed on a car or vessel free of expense to the purchaser. 19 Cyc. 1082; 13 Am. & Eng. Ency. 726. In Silberman v. Clarke et al., 96 N. Y. 522, the court held that "f. o. b., Continental Port," meant free on board the vessel which was to carry the merchandise. The mutual intention of the parties as ascertainable from the contract in question, at the time the contract was made, could not be otherwise than that the secondhand Chicago safe and time lock were to be delivered to plaintiff by defendant free on board the cars at Leola, within a

reasonable time after the delivery of the new manganese steel safe to defendant. Under the terms of the contract that defendant was to pay $1,200 for the manganese steel safe, but might deliver the secondhand Chicago safe and time lock to plaintiff f. o. b. Leola, as part payment to the extent of $375, the defendant would only be relieved from paying the $375 in money by performing its part of the contract by delivering, or duly offering to do so, the secondhand Chicago safe and time lock, on board the cars at Leola, free of any expense to plaintiff, within a reasonable time after the delivery to defendant by plaintiff of the manganese steel safe.

On the trial plaintiff offered some testimony tending to show that the secondhand safe and time lock had been injured by burglary while being used by defendant, and after the entering into of said contract, and to the introduction of which evidence the defendant objected, on the ground of immateriality, and the objection was sustained, and plaintiff excepted. We are of the opinion that such testimony was immaterial, and properly rejected. Under a contract of this character the title to the secondhand safe and time lock remained in defendant at all times until defendant performed, or duly offered to perform, its part of the contract by delivering the secondhand safe and time lock f. o. b. cars at Leola. In order to pass title to the secondhand safe and time lock to plaintiff it was incumbent on defendant to perform his part of the contract by placing the same on board the cars at Leola free of expense to plaintiff; and, having failed to do so, plaintiff was entitled to recover the balance of the purchase price, and it was immaterial to plaintiff, under the circumstances, as to what became of the secondhand safe and time lock.

Respondent contends that plaintiff has mistaken its remedy; that by reason of the fact that the contract provides that title to the manganese steel safe sold to defendant should remain in plaintiff until fully paid for prevents plaintiff from recovering the purchase price. But we are unable to agree with respondent in this contention. Respondent cites Dowagiac v. Whiterock Lumber Co., 18 S. D. 105, 99 N. W. 854, as controlling this cause on this proposition. It will be observed that the decision in that case

is based on section 2303, Civ. Code, providing that the measure of damages caused by the breach of a buyer's agreement to accept and pay for personal property, the title to which is not vested in him, is deemed to be the excess, if any, of the amount due from the buyer under the contract over the value to the seller. Under those circumstances the seller cannot maintain an action for the purchase price, but must resort to an action sounding in damages. This principle can by no possibility be applicable to the case at bar. In this case the buyer did not refuse to accept the manganese steel safe, which was the subject of the sale to defendant, but on the contrary, the buyer did receive and accept the same, thereby rendering itself liable to pay the purchase price according to the terms of the contract. There is no such provision as to the title in the contract in relation to the secondhand safe and time lock, which was the property of defendant at all times until he divested himself of such title by delivering, or offering to deliver, the said secondhand safe and time lock to plaintiff on board the cars at Leola free of expense to plaintiff. Defendant never placed this second hand safe in position for delivery that would effect a transfer of the title. If the defendant had refused to receive and accept the manganese steel safe, when shipped and tendered to it by plaintiff, then plaintiff could not, under the contract, have maintained an action for purchase price, but could only have maintained an action for damage arising from breach of contract, under section 2303, Civ. Code, and then the rule laid down in Dowagiac v. Whiterock Lumber Co. would have been applicable. The defendant having received and accepted the manganese steel safe, plaintiff could have no action for damage against defendant, but only an action for the remainder of the purchase price.

The judgment of the circuit court is reversed, and a new trial ordered.