## MANGANESE STEEL SAFE CO. v. FIRST STATE BANK OF LEOLA.

The construction placed upon a contract by the Supreme Court on a former appeal is conclusive on a subsequent appeal.

A contract for the purchase of a safe provided that the seller agreed to deliver the safe f. o. b. cars at its works, and that the safe should be built, according to specifications submitted, for the sum of $825, and a secondhand safe delivered f. o. b. at the purchaser's station, payable in New York funds upon delivery of the safe, and further provided that the contract should cover all agreements between the parties, and that all "verbal agreements * * * not embodied herein are hereby waived," and that the safe shall remain the property of the seller until fully paid for in cash. Held, that the contract was not ambiguous, so that parol evidence was not admissible as to a conversation before the execution of the contract, as to the terms thereof, and as to when the old safe should be delivered to the seller.

If a written contract or a term thereof is uncertain or ambiguous, parol evidence as to the facts and circumstances preceding and attending its execution is admissible to show the intention of the parties.

In an action for the balance of the purchase price of a safe sold to defendant under a written contract, which provided that the seller should take a secondhand safe as part payment, but with reference to the shipment of the secondhand safe merely provided that it should be shipped f. o. b. at the place of the buyer's business, and also provided that all oral agreements not embodied in the contract should be considered as waived, evidence was admissible of letters written by the seller to the buyer after the execution of the contract, acknowledging receipt of the cash payment named in the contract, and stating that the old safe was subject to the order of a certain company at a certain place, and that the buyer might comply with such company's instructions; such letters, especially the one relating to the old safe, in effect modifying the contract.

(Opinion filed, February 14, 1912.)

Appeal from Circuit Court, McPherson County. Hon. JOSEPH H. BOTTUM, Judge.

Action by the Manganese Steel Safe Company against the First State Bank of Leola. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed.

The action was for the balance of the purchase price of a safe.

*James M. Brown,* for appellant.  *Taubman & Williamson,* for respondent.

CORSON, J.  This is an appeal by the defendant from a judgment entered in favor of the plaintiff on a directed verdict and from the order denying a new trial.  This is the second appeal in this action, the opinion on the former appeal being reported in 25 S. D. 119, 125 N. W. 572, in which case the judgment in favor of the defendant was reversed and a new trial granted.  The contract constituting the basis of the action is fully set out in the former opinion, but, as the contract is short, we again reproduce it in this opinion.  It reads as follows:

"July 22, 1907.  First State Bank, Leola, So. Dak.  We hereby agree to deliver f. o. b. cars our works, Plainfield, N. J., one of our No. 3 manganese steel bank safes, to be built in full accordance with specifications herewith submitted, for the sum of eight hundred twenty-five ($825.00) dollars, and your second hand Chicago No. 6 safe and time lock f. o. b. Leola, payable in New York funds, upon delivery of safe.  This contract covers all agreements between the parties hereto.  All claims covering verbal agreements of any nature not embodied herein are hereby waived.  All orders must be on this blank and are subject to the approval of the home office of the Manganese Steel Safe Co.  Said safe shall remain our property until fully paid for in cash.  [Signed] Manganese Steel Safe Co.  By J. J. Deright & Co.  B. W. Shyrock.

"The above proposal is hereby accepted subject to the approval of Pres. of board, and we agree to pay the sum of twelve hundred & No-100 ($1,200.00) dollars for one No. 3 manganese steel bank safe, on the terms and conditions specified above. [Signed] First State Bank of Leola.  By John J. Hepperle, Cashier."

[1] This court in its former opinion held that, under the provisions of section 1250 of our Civil Code, the agreement was to pay $1,200 for the safe, with the privilege of paying $375 with the second-hand safe, and that the purchaser could only be relieved from paying the $375 in money by delivering the second-hand safe to the plaintiff within a reasonable time after the delivery of

the new safe. This construction of the contract must be held conclusive as to the law of the case, and cannot be questioned on this appeal.

[2] It is disclosed by the record on the present appeal that the defendant offered evidence tending to prove that, prior to the execution of the contract, the agent of the plaintiff and the cashier of the defendant bank had a conversation in relation to the terms of the contract, and as to when and under what circumstances the old safe of the defendant should be delivered to the plaintiff, which evidence was objected to by the plaintiff and its objection sustained by the court.

[3] It is contended by the appellant that the contract is ambiguous and uncertain, and that evidence tending to show what the real intention of the parties was in making the contract should have been admitted. In 11 Current Law, 1371, the law applicable to cases where the contract is ambiguous or uncertain is thus stated: "Where the written evidence of a contract or a term thereof, is ambiguous or uncertain, oral or extrinsic evidence is admissible to explain the ambiguity or clear up the uncertainty, in order that the real intention of the parties may be made to appear. For this purpose, evidence of the facts and circumstances leading up to and attending the execution of the writing is admissible, and acts of the parties tending to show the construction which they themselves have placed upon it may also be shown."

The law as thus stated was adopted by this court in the case of De Pue v. McIntosh, 26 S. D. 42, 127 N. W. 532, and in Sioux Remedy Company v. Lindgren, 27 S. D. 123, 130 N. W. 49, for the reason that the contracts in those cases were ambiguous and uncertain, and that, in order to properly construe the same, it was proper for the court to admit evidence of the prior negotiations between the parties and circumstances connected with the transaction. But in the case at bar we are of the opinion that the court committed no error in excluding the evidence offered by the defendant tending to prove the conversations and agreements between the agent of the plaintiff and the cashier of the bank, as such evidence was clearly inadmissible to contradict, modify, or vary the terms of the contract.

It will be observed upon an examination of the contract that there is no ambiguity or uncertainty as to the terms of the same. The plaintiff proposed to sell to the defendant the new safe for the sum of $825 and defendant's second-hand safe. The said proposal was accepted by the defendant, subject to the approval of the president of the board, and the defendant agreed to pay $1,200 for the new safe on the terms and conditions specified. The contract was approved by the president of the defendant bank, and the new safe furnished and delivered by the plaintiff to and accepted by the defendant about the 22d day of September, 1907, and the $825 specified in the contract was paid by draft. The court was clearly right, therefore, in excluding the evidence offered on the part of the defendant as to conversations between the agent of the plaintiff and the agent of the bank as to the time in which and circumstances under which the second-hand safe of the defendant was to be delivered; and more especially is this the case in the contract now before the court, for the reason that it is expressly provided in that contract that the contract covers all agreements between the parties thereto, and that all claims covering verbal agreements not embodied therein are waived.

At the close of all the evidence, the plaintiff moved the court to strike out all of the testimony of the witness Hepperle, cashier of the bank, and that the court direct a verdict in favor of the plaintiff. The court granted the motion to strike out by striking out all the testimony of said witness, "except that part which related to the delivery of the safe," and granted plaintiff's motion for the direction of a verdict in its favor. What particular part of the testimony of the cashier of the defendant bank was stricken out does not appear by the record, and we cannot, therefore, determine from the record whether or not the court committed error in striking out the testimony.

[4] But we are clearly of the opinion that the court committed error in excluding exhibits Nos. 1 and 5, offered in evidence on the part of the defendant, and in directing the verdict in favor of the plaintiff. The letter (Exhibit No. 5) is in words and figures as follows: "The Mosler Safe Co. Hamilton, Ohio, Aug. 5

1907. First State Bank, Leola, S. D.—Gentlemen: We have received through Messrs.. J. J. Deright & Co., Omaha, Neb.; your contract for No. 3 manganese steel bank safe and the same is accepted, we thank you kindly for this order and will give it prompt attention. Yours truly, The Mosler Safe Co." The admission of this letter was objected to by the plaintiff and excluded by the court.

On August 21st the Mosler Safe Company wrote to the defendant the following letters, being Exhibits Nos. 3 and 4, which were admitted in evidence:

"Hamilton, Ohio, Aug. 21, 1907. First State Bank, Leola, S. D.—Dear Sir: We herewith hand you invoice stock instructions and bill of lading for safe shipped to you this day. We trust that it will reach you promptly, and that you will favor us with an early settlement. Thanking you for your patronage, we remain, Yours truly, The Mosler Safe Co."

"The Mosler Safe Co. Hamilton, Ohio, Aug. 21, 1907. First State Bank, Leola, S. D.: All remittances must be sent direct to us. . No collections made by agents. To safe as per contract.... $825.00 and old safe. Terms, Cash."  .

On October 11, 1907, the Mosler Safe Company wrote to the defendant the following letter: "Hamilton, Ohio, Oct. 11, 1907. J. J. Hepperle, Cashier, Leola, S. D.—Dear Sir: We thank you for your favor of the 8th with draft for $825.00 which amount we have placed to your credit, leaving the account open for the freight as per our letter of the 10th, and for which we would be glad to have you mail us draft. Please send us a testimonial covering the merits of the work. The old safe is subject to order of Deright & Co., Omaha, Neb., and we write them today to advise you accordingly, and you may comply with their instructions. Yours truly, Mosler Safe Co." The admission of this letter, being Exhibit No. 1, was also objected to, and the objection sustained.

In excluding these letters (Exhibits Nos. 1 and 5), the court was clearly in error. It will be observed that by the first letter (Exhibit 5) the Mosler Safe Company acknowledged the receipt of the contract and promised to give it "prompt attention," and

that in the second letter excluded (Exhibit 1) the Mosler Safe Company acknowledged the receipt of the $825, and modified the contract made with the plaintiff by notifying the defendant that "the old safe is subject to the order of Deright & Co., Omaha, Neb., and we write them today to advise you accordingly, and you may comply with their instructions."

It will thus be seen that the Mosler Safe Company accepted the contract, inclosed to the defendant the bill of lading, received the draft for the $825, and modified the contract, so far as the delivery of the old safe was concerned. And it further appears from the testimony of the cashier of the defendant bank that the bank had received no directions from Deright & Co. as to whom the old safe was to be consigned, or where to be delivered.

While it does not appear affirmatively what the relations were between the Mosler Safe Company and the plaintiff in this action, it seems quite clear that it was authorized to receive the contract, the draft for the $825, and the old safe. As interpreted by this court in its former decision, the contract obligated the defendant to deliver the old safe on board the cars at Leola within a reasonable time after receiving the new one; but property cannot be delivered on board the cars, unless consigned to some one at some place. Assuming the contract provided that the old safe should be consigned to the plaintiff at Plainfield, N. J., such a contract was subject to alteration or modification by a contract in writing. Rev. Civil Code, § 1287. Clearly it was competent for the plaintiff to have directed, in writing, the consignment of the old safe to any person at any place it desired, or that the defendant might retain it until otherwise ordered, and unquestionably this might have been done by the authorized agent of the plaintiff or by its successor in interest by assignment or otherwise. Therefore, as the evidence offered by the defendant discloses written directions from the Mosler Safe Company, in response to a written inquiry by the defendant, to retain possession of the old safe, subject to the order of Deright & Co., from whom no order was ever received, the defendant was not only authorized, but required, to retain it, provided it was justified in relying upon these directions.

That it was justified in so doing seems to be clear from the evidence afforded by the letters and transactions between the defendant and the Mosler Safe Company. It is in effect admitted by the complaint in the action that the $825 was properly paid to the Mosler Safe Company, and it appears by the letters introduced in evidence and admitted that the bill of lading, though executed by the railroad company to the plaintiff, was transmitted to the defendant by the Mosler Safe Company; that the statement of account was made out in the name of the Mosler Safe Company; and that the defendant was directed to make all remittances to that company.

The exclusion of the two letters, therefore (Exhibits 1 and 5), and especially the letter modifying the contract as to the delivery of the old safe, was clearly error. Had these letters been admitted in evidence, it would not be claimed, we apprehend, that the court would have been justified in directing a verdict in favor of the plaintiff. It may be proper to remark that none of these letters and only part of the oral evidence was offered on the former trial.

Numerous other errors are assigned by the defendant to the rulings of the court excluding evidence offered by the defendant; but, in the view we have taken of the case, it will not be necessary to give these various assignments of error special consideration in this opinion, as the same questions may not arise on another trial.

For the error of the court, therefore, in excluding the two letters offered and in directing a verdict in favor of the plaintiff, the judgment of the court below and order denying a new trial are reversed.