SIOUX FALLS ADJUSTMENT COMPANY, Respondent, v. AIKENS, Appellant.

(142 N. W. 651.)

**Sales—Title in Vendor—Property Accepted—Vendor's Remedy— Waiver of Title by Suit.**

Where books were sold on credit, with stipulation that title should remain in vendor until payment, but were immediately delivered to and accepted by buyer, Civ. Code, Sec. 2303, providing a measure of damages for breach of buyer's agreement to pay for personalty, where title is not vested in buyer, does not apply; and, **held,** the vendor may bring action for the contract price; and his institution of such action is a waiver of his right to retain title under the contract.

(Opinion filed June 24, 1913. Rehearing denied July 11, 1913.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by the Sioux Falls Adjustment Company against Frank R. Aikens, to recover for a balance alleged to be due under a conditional contract of sale of personalty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Aikens & Judge,* for Appellant.

As applied to the completion of contracts, there should be no acceptance of the Encyclopaedia of Evidence previous to the time of the delivery or offer of delivery of all of the books. In this case, there is no evidence that the series was complete in fourteen volumes. The word "accept" as applied to the reception and retention of any one of the volumes of Encyclopaedia of Evidence does not involve nor amount to such an acceptance as would pass

the title under the contract in suit from L. D. Powell Company to appellant of each volume, nor as would bind appellant to pay for the particular volume or volumes so received and retained by him.    Appellant did not accept volumes 1 to 12 in the sense that he took them with the unconditional intention of retaining them. Anderson's Law Dictionary; Sir James Laing & Sons, Ltd. v. Barclay-Curle & Co., Ltd. (House of Lords) 2 British Ruling Cases, 635-641; Dowagiac Mfg. Co. v. White Rock Lumber & Hardware Co., 26 S. D. 377.

In Reply.

When the buyer is, by the contract, bound to do something as a condition precedent to the passing of the title to the property, the title will not pass till the condition is fulfilled, although the property is delivered into the possession of the buyer.   He is only a bailee for a specific purpose.   The delivery of possession, which, in ordinary cases, passes the title, can only have that effect when the condition is fulfilled—when in a case like this the purchase money is unpaid.    Southern Hardware & Supply Co. v. Clark, 201 Fed. 4-5; Harkness v. Russell, 118 U. S. 663, 30 L. Ed. 285.

*Boyce, Warren & Fairbank,* for Respondent.

Plaintiff having established the delivery of the books and non-payment of the price it became necessary for defendant to show that he refused to accept them.   This he wholly failed to do. Manganese Steel Safe Co. v. Bank, 25 S. D. 120.

McCOY, J.   In this case it appears that appellant agreed to purchase and pay for certain books at the agreed price of $6 per volume, to be thereafter delivered, and such payment to be made on delivery, and which contract contained the provision that title to said books should remain in the seller until paid for.   It also appears that 12 of said books were delivered to and accepted by appellant, and that four thereof were paid for, and that no payment was ever made on the remaining eight.   Respondent as the assignee of the original seller brought this suit to recover the purchase price of the books for which no payment had been made.

Findings and judgment were in favor of plaintiff, and defendant appeals, contending that under the provisions of said contract, providing that title should remain in seller until payment, an action for the recovery of the purchase price cannot be main-

tained, but that plaintiff's only remedy, if any at all, is under section 2303, Civ. Code, for damages for breach of contract in refusing to accept and pay for personal property, title to which is not vested in the purchaser. We are of the opinion that appellant's contention is not tenable. The evidence in this case discloses the fact that the books for which recovery was had were delivered. by the seller to the purchaser and unconditionally accepted by him prior to the beginning of this action. We are constrained to the view that, where there has been a delivery to and an absolute acceptance by the purchaser, the provisions of said section 2303 are not applicable—that that section only applies where there is a refusal to receive and *accept* and pay for goods where the title still remains with the seller. This seems to be the general holding of the courts upon this question. Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 903; Acme Food Co. v. Older, 17 L. R. A. (N. S.) 807; Williston on Sales, sec. 580; McCormick Harvesting Machine Co. v. Balfany, 78 Minn. 370, 81 N. W. 10, 79 Am. St. Rep. 393. It seems to be generally held that where there has been a delivery to and an absolute acceptance by the purchaser, an action to recover the purchase price may be maintained. Appellant cites and relies on the case of Dowagiac Mfg. Co. v. White Rock Lumber & Hardware Co., 18 S. D. 105, 99 N. W. 854; Id., 26 S. D. 374, 128 N. W. 334. In that case it appeared that certain farm machinery had been delivered to the White Rock Company under an agency or commission contract, and that later a conditional contract sounding both of agency and sale was made, and in that action it was claimed there was no evidence of an acceptance of the property by the White Rock Company as purchasers under the latter contract, conceding the same to have been a sale contract. The only theory upon which the decisions in that case can rest, if the latter contract was a sale contract, is that there was no acceptance of the property by the White Rock Company as purchasers under the latter contract. The authority of that case is not applicable where there has been a delivery to and an acceptance by the purchaser of the property which was the subject of the sale. Where there has been a delivery to and an absolute acceptance of the property by the purchaser, although the contract provides that title shall not pass until the happening of some subsequent event, an action for the purchase price may be

maintained, for in that case it is said the seller waives his right to title under the contract by instituting the suit for purchase price. Dowagiac v. Mahon, supra; International Harvester Machine Co. v. Pott, supra, page ——.

Finding no error in the record the judgment and order appealed from are affirmed.

SMITH, J. My views on the question discused in the foregoing opinion are briefly stated in a concurring opinion in International Harvester M. Co. v. Pott, supra. See, also, Williston on Sales, § 579, in which that distinguished jurist throws much light on the subject of conditional sales, and retention of title treated as security.