MANGANESE STEEL SAFE COMPANY, Respondent, v. FIRST STATE BANK OF LEOLA, Appellant.

(147 N. W. 734.)

1.  **Sales—Exchange of Safes—Acceptance of Injured Safe by Agent— Knowledge of Injury—Directed Verdict.**

    Where a vendor agreed to accept an old safe in part payment for a new one, the act of its agent, who did not know of an injury to the old safe occurring after the sale contract was made, in giving buyer directions where to ship it, was not an acceptance of the safe in its injured condition, and did not relieve buyer of duty of tendering the safe in the same condition as it was at time of contract; and a verdict was properly directed for vendor.

2.  **Sales—Action for Price—Old Safe as Agent's Commission—Party in Interest.**

    Where a vendor, which agreed to accept an old safe in part payment for a new one, also agreed to turn over the old safe to its agents as a commission, and the old safe was injured before received by vendor, thus entitling vendor to payment of entire purchase price, **held**, that the vendor's right to recover cannot be defeated on ground that it was not the real party in interest.

(Opinion filed June 15, 1914.)

Appeal from Circuit Court, McPherson County. Hon. JOSEPH H. BOTTUM, Judge.

Action by the Manganese Steel Safe Company against the First State Bank of Leola, to recover balance of purchase price of a safe. From a judgment for plaintiff on a directed verdict, and from an order denying a new trial, defendant appeals. Affirmed.

*James M. Brown,* for Appellant.

*C. N. Harris,* and *C. O. Newcomb,* for Respondent.

(1) Under point one, in the opinion, Appellant cited:

Sec. 1285, Rev. Code; Iowa National Bank v. Sherman, 119 N. W. 1010; Swanston v. Clark, 95 Pac. 1117; J. L. Owens Co., v. Doughty, 110 N. W. 78; Johnson v. Burnside, 3 S. D. 234;

Lovell v. McCaughey, 8 S. D. 471; Jones v. Electric Co., 133 Pac. 492; Clapp v. Mines Co., 144 N. W. 771; Kimball v. Gillard, 143 N. W. 79; Mueller v. Cook, 105 N. W. 1054; Hail Insurance Co. v. Fleming, 12 S. D. 36.

(2) Under point two in the opinion, Appellant cited: Sec. 80 Rev. Code Civ. Pro.; 15 Enc. Pl. & Prac. p. 710; Bliss on Code Pleadings (3rd Ed.) note to Sec. 45; American Soda Fountain Company v. Hogue, 116 N. W. 339; Giselman v. Starr, 40 Pac. 8.

McCOY, J. This was a suit to recover a balance claimed to be due on the purchase price of a new steel safe purchased by defendant from plaintiff. A verdict was directed for plaintiff, and judgment entered thereon, and defendant appeals. This cause is now before this court for the third time. The former opinions may be found in 25 S. D. 119; 125 N. W. 572. 28 S. D. 426; 134 N. W. 886.

[1] The principal facts will be found recited in the first opinion of this court, which became the law of the case as to the effect of the contract. In that opinion it was held, in effect, that the title to the old safe had not passed from the purchaser of the new safe at the time the old safe was injured, and under such holding, the loss by such injury would fall upon the purchaser of the new safe. The bank could only relieve itself from the obligation to pay in money by a delivery or tendering the old safe in the same condition, or in substantially the same condition, it was in at the date of the contract. This the record shows the bank has never done. It appears that after the making of the contract appellant was notified not to deliver the old safe f. o. b., but that the matter of delivery would be subject to further order. After the receipt and acceptance of the new safe appellant notified Mosler Co. that it was ready to deliver the old safe, but did not inform Mosler Co. that the old safe had in the meantime been injured by an explosion. Mosler Co., not knowing of the injury, notified appellant to deliver the old safe to Deright Co., but Deright Co., in the meantime having learned of the injury to the old safe, refused to accept the same, and notified appellant that it would be expected to pay the balance of the purchase price of the new safe in money according to contract. Appellant contends that Mosler Co. accepted the old safe. We are of the view, under the circumstan-

ces shown, that there was no acceptance of the old safe, and that Deright Co. was acting clearly within its rights in refusing to accept the same. We are of the view that the verdict on the last trial was properly directed for plaintiff.

[2] It is also contended by appellant on this appeal that the record shows that plaintiff is not the real party in interest and therefore cannot maintain this action. We are of the view that this contention is not tenable. The record shows that Mosler Co. and Deright Co. were agents of respondent, and that the old safe, had the same been delivered under the contract, would have been accepted by Mosler Co. and Deright Co. as commission. This suit is not to recover the value of the old safe. It is to recover, under the contract, the balance due of the $1,200 purchase price agreed to be paid by appellant for the new safe. What arrangements the respondent had with its agents as to commissions is a matter wholly between them and is wholly immaterial in this controversy.

The judgment and order appealed from are affirmed.