(100 N. W. 890.)

---

DOWAGIAC MANUFACTURING COMPANY, A CORPORATION, v. JOHN MAHON AND J. B. ROBINSON, COPARTNERS AS MAHON & ROBINSON.

Opinion filed December 6, 1904.

**Sale — Warranty.**

1. A written warranty that "it is understood that the goods are warranted only against breakage caused by manifest defects in material," etc., excludes all other warranties of quality, express or implied.

**Sale by Sample.**

2. Under a written contract of sale of machinery, specifying the terms and conditions of the contract, a sale by sample cannot be shown.

### Action for Price — Counterclaim — Deceit.

3. An answer and counterclaim alleging that a written contract of sale of drills and disks provided that they were of proper pattern, and properly constructed to do the work intended for them in a certain locality where the vendees were engaged in business, which contract is alleged to have been entered into in reliance on such statements or representations fraudulently made, does not state a defense or counterclaim for fraud or deceit.

### Damages — Waiver.

4. Section 4988, Rev. Codes 1899, prescribing the rule of damages upon failure to accept and pay for personal property, the title to which is not vested in the vendee, is not applicable as a rule of damages where the property has been delivered to the vendee. In the latter case the vendor may waive the provision as to title and elect to sue for the purchase price, and the bringing of an action for the purchase price is such a waiver.

Appeal from District Court, Pembina county; *Kneeshaw,* J.

Action by the Dowagiac Manufacturing Company against John Mahon and J. B. Robinson. From an order sustaining demurrer to the answer and counterclaim, defendants appeal.

Affirmed.

*W. J. Burke* and *Scott Rex,* for appellants.

If any one of three defenses alleged is good, demurrer should be overruled. Flint v. Dulany, 15 Pac. 208; Pryse v. Bank, 48 S. W. 415; Lee v. Mehew, 56 Pac. 1046; Hill v. Walsh, 61 N. W. 440.

Pleading is good not only as to express warranties, but entitled the defendant to defend as breach of warranties implied by law. Hoe v. Sanborn, 21 N. Y. 552; Giffert v. West, 37 Wis. 115. A contract is construed strictly against the party drawing it. Section 3912, Rev. Codes 1899; 17 Am. & Eng. Enc. Law 14; 9 Cyc. 590. The clause in question is not exclusive upon the subject of warranty, but is open to parol proof with the exception of the single feature, which the contract by a strict interpretation covers. Charter Gas Engine Co. v. Kellam, 79 N. Y. S. 1019.

No warranty will be implied where the parties have expressed in words the warranty by which they mean to be bound, but the rule does not extend to the exclusion of warranties implied by law where they are not excluded by the terms of the contract. Blackmore v. Fairbanks, Morse & Co., 79 Ia. 282; 44 N. W.

548; Bucy v. Pitts Agricultural Works, 56 N. W. 541; Merriam v. Field, 24 Wis. 640; Giffert v. West, 37 Wis. 115; Alpha Check Rower Co. v. Bradley, 75 N. W. 369; Houston Cotton Oil Co. v. Trammel, 72 S. W. 244; Carleton v. Lombard Ayres & Co., 149 N. Y. 137, 43 N. E. 422.

The fact that there is a written contract or conveyance will not prevent proof of false representations before or at the time of executing the same. 14 Am. & Eng. Enc. Law 29; Jones on Evidence, section 440; 2 Pom. Eq. Jur. (2d Ed.) 896; Bigelow on Fraud, 175; Phelps v. James, 44 N. W. 543; Powelton Coal Co. v. McShain, 75 Pa. St. 238; Picard v. McCormick, 11 Mich. 68; Stanhope v. Swafford, 45 N. W. 403; Thomas v. Loose, 114 Pa. St. 35, 6 Atl. 326; Cullmans v. Lindsay, 6 Atl. 332; McCormick Harvesting Machine Co. v. Williams, 68 N. W. 907; Dowagiac Mfg. Co. v. Gibson, 35 N. W. 603; Griffith v. Strand, 54 Pac. 613; Nowlin v. Cain, 3 Allen, 261; Race v. Weston, 86 Ill. 91; Hoitt v. Holcomb, 23 N. H. 535; Mayer v. Dean, 22 N. E. 261; 15 Am. & Eng. Enc. Law, 1251; Carleton v. Lombard, Ayres & Co., 149 N. Y. 137, 43 N. E. 422.

The complaint does not state a cause of action. Although the demurrer was interposed by respondent, it relates back and searches the record. Tribune Printing Co. v. Barnes, 7 N. D. 591, 75 N. W. 904; The Dowagiac Mfg. Co. v. White Rock Lumber & Hardware Co., 99 N. W. 854.

*Newman, Spalding & Stambaugh,* for respondents.

The execution of the contract superseded all the oral negotiations and stipulations concerning its matter, which preceded or accompanied the execution of the instrument. Section 3888, Rev. Codes; Blossom v. Griffin, 13 N. Y. 569; Baker v. Higgins, 21 N. Y. 397; Hutchinson v. Cleary, 3 N. D. 270, 55 N. W. 729; Northwestern Fuel Co. v. Burns, 1 N. D. 137, 45 N. W. 699; Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924; Grand Forks Lumber Co. v. Tourtelot, 7 N. D. 587, 75 N. W. 901; Knudson v. Legion of Honor, 7 S. D. 214, 63 N. W. 911; Seitz v. Brewers Refrigerating Mach. Co., 141 U. S. 510, 12 Sup. Ct. Rep. 46; DeWitt v. Berry, 134 U. S. 306, 10 Sup. Ct. Rep. 538; Baldwin v. Van Deusen, 37 N. Y. 487.

To raise an implied warranty under a written contract of sale, the circumstances of the transaction raising such an implied war-

ranty must appear from the written contract. It is claimed that the sale was by sample and, therefore, an implied warranty exists which can be shown by parol. Ottawa Bottle Co. v. Gunther, 31 Fed. 208; Whittemore v. South Boston Co., 2 Allen 52; 1 Am. & Eng. Enc. Law (1st Ed..) 110.

An express warranty of quality, excludes all implied warranties of quality. Reynolds v. Palmer, 21 Fed. 533; 10 Am. & Eng. Enc. Law (1st Ed.) 109; Baldwin v. Van Deusen, 37 N. Y. 487; DeWitt v. Berry, 134 U. S. 306; 33 L. Ed. 896; 10 Sup. Ct. Rep. 538; Lanier v. Auld, 3 Am. Dec. 680; 28 Am. & Eng. Enc. Law (1st Ed.) 742; International Pavement Co. v. Smith, 17 Mo. App. 264; Johnson v. Latimer, 71 Ga. 470; Cosgrove v. Bennett, 32 Minn. 371, 20 N. W. 359; Shepherd v. Gilroy, 46 Ia. 193; McGraw v. Fletcher, 35 Mich. 104.

The same transaction cannot be characterized as a warranty and as a fraud at the same time. Rose v. Hurley, 39 Ind. 81. Such issues cannot be tried in the same action. Graves v. Waite, 59 N. Y. 156; Ross v. Mather, 51 N. Y. 108. Representations of value and utility of machines and the like are mere matter of opinion. Neideder v. Castain, 36 Am. Rep. 198; Hunter v. McLaughlin, 43 Ind. 38; 1 Bigelow on Fraud, 479; Esterly Harvesting Machine Co. v. Berg, 71 N. W. 952.

Upon the proposition that the plaintiff could not elect to take the property under the title clause of the contract or sue for the price, the case of Dowagiac Mfg. Co. v. White Rock Lumber Co., 99 N. W. 854 (S. D.), stands alone. The authorities are uniform to the contrary. See Shepard v. Mills, 50 N. E. 709; Tanner & Delaney Co. v. Hall, 7 So. 187; Merchants & Planters Bank v. Thomas, 6 S. W. 565; Campbell Mfg. Co. v. Hickok, 21 Atl. 363; Alden v. Dyer, 99 N. W. 784; 6 Am. & Eng. Enc. Law (2d Ed.) 480.

Some cases hold vendor may sue for the contract price and hold title as security for the payment of the judgment. Fuller v. Brown, 60 N. W. 980; Prettyplace v. Groton Bridge & Mfg. Co., 61 N. W. 266; Perkins v. Grobben, 74 N. W. 469; Campbell Co. v. Rockaway Co., 29 Atl. 681; Brewer v. Ford, 7 N. Y.. Supp. 244.

MORGAN, C. J. The plaintiff brings this action to recover from the defendants the sum of $825.30, claimed to be due to it on account of disks and drills alleged to have been sold and delivered to the defendants under a written contract. This contract provided

that plaintiff authorized the defendants "to sell the grain seeding machinery manufactured" by it, at Neche, N. D., and all territory tributary thereto. The plaintiff also therein agreed to appoint "no other agent for said territory." Defendants therein agreed "to purchase of said Dowagiac Manufacturing Company grain drills and seeders of its manufacture to supply their entire trade, * * * at prices shown by printed list on reverse side of this contract." The contract also provided for settlements on May 1st, by giving notes payable in November, and for discounts if paid before that time. The contract also contained the following stipulations: (1) "In all cases the title and ownership of goods covered by this contract shall remain and be vested in the party of the first part until sold by the party of the second part in regular course of business, or settled for as above, and all receipts arising from the sale of these goods shall belong exclusively and absolutely to the party of the first part until settlement is completed according to the terms of this contract." (2) "It is understood the goods are warranted only against breakage caused by manifest defect in material for the year in which they are sold." The defendant interposed an answer and a counterclaim for damages. The answer alleges: (1) That the machines were sold by sample, and that those furnished under the contract were not made according to the samples, and were faulty in construction, and not equal and like the samples as they were warranted to be. (2) That the machines were warranted to be merchantable. (3) That they were expressly warranted to be of "proper pattern and construction," and "would properly and satisfactorily do the work for which they were intended in the territory tributary to Neche, N. D., * * * where it was contemplated they should sell the same." The plaintiff demurred to the answer and counterclaim upon the grounds that the new matter pleaded in such answer and counterclaim does not state facts sufficient to constitute a defense or counterclaim. The trial court sustained the demurrer, and defendants appeal from the order sustaining the same.

The answer alleges as a defense: (1) Breach of express warranties; (2) breach of implied warranties; (3) fraudulent representations which induced defendants to enter into the contract, and damages resulting from such fraudulent representations. Judgment is also prayed for that the contract be declared rescinded on account of such fraudulent representations and total failure of

consideration. Plaintiff contends that the defendants are entitled to claim only such warranty as is contained in the contract; that the parties have stipulated that no warranty is thereby given, except as to breakage caused by manifest defects in the materials; and that the use of the word "only" in the warranty necessarily excludes all other warranties. We agree with this contention. Giving the word "only" its ordinary meaning, and applying it in its restrictive sense, as qualifying the word to which it naturally belongs, the conclusion cannot be escaped that it restricts the meaning to be given to the verb "warranted." Defendants claim that it limits the time during which the warranty shall apply to the year in which the drills were sold. If that be true, its use was unnecessary, as without it the warranty would be effective for that year only. Before the sentence can mean what is claimed for it by defendants, the word "only" must be transposed to another place. There is nothing to warrant such a change of place. Under the natural grammatical construction of the sentence, it limits the application of the word "warranted." To construe it as limiting any other word would be a strained construction of the sentence. When read in its natural sense, the contract provides for a limited warranty of the goods sold. The contract having restricted the warranty intended to be made, all others that pertain to the same subject-matter are excluded. The written contract is controlling. Its terms cannot be now changed by the addition of other warranties relating to the quality of the goods. Rev. Codes 1899, section 3888; Hutchinson v. Cleary, 3 N. D. 270, 55 N. W. 729; Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924; Grand Forks Lumber Co. v. Tourtelot, 7 N. D. 587, 75 N. W. 901; Mechem on Sales, section 1254; Bank v. Prior, 10 N. D. 146, 86 N. W. 362; Bank v. Ruettell, 12 N. D. 519, 97 N. W. 583.

The defendants contend that they are entitled to the benefit of warranties implied by law, notwithstanding the contract contains an express warranty against breakage caused by defective materials. They insist that such warranties as the law implies in relation to the fitness of the machines for the purposes intended, that they were merchantable goods, and that they were the equal of the samples exhibited, are properly pleaded, and that they are entitled to the benefit of such warranties in this case. In the first place, the written contract of sale does not show that the sale was made from a sample exhibited. To permit defendants to now show that the

contract was made with reference to a sample would be to vary the terms of a written contract, and this is not permissible in such cases. Wiener v. Whipple, 53 Wis. 298, 10 N. W. 433, 40 Am. Rep. 775. In the next place, all the implied warranties pleaded are excluded from the terms of the contract by its restrictive words. The goods were warranted only against breakage caused by manifest defects of materials. This clause limits the warranties to that one, and by its very terms excludes all others as to quality, whether express or implied. The law will not imply a warranty in favor of a party who has expressly stipulated that a specified warranty only is given. Mechem on Sales, section 1296, lays down the rule as follows: "Implied warranties can ordinarily arise only where the parties have not themselves created an express warranty relating to the same subject-matter, though this, as has been seen, is not an inflexible rule, and will yield to evidence that the parties intended both to operate, as where the express is clearly described to be in addition to that which the law alone would imply." In Giffert v. West, 37 Wis. 115, it was said: "Undoubtedly, as was held on the former appeal, an express warranty, in such a case, may be so framed as to restrict all warranty to the thing expressly warranted, and to exclude all warranty otherwise implied by law." In Blackmore v. Fairbank Co. (Iowa), 44 N. W. 548, it was said: "A warranty will not be implied in conflict with the express terms of the agreement." The language of the warranty clause of this contract is so clear and unambiguous that we have no hesitation in holding that it excludes, by its own terms, all other warranties of quality, either express or implied. Properly construed, the contract is to the effect that plaintiff refused to warrant the machines, except as to breakage from one cause. Lynch v. Curfman, 65 Minn. 170, 68 N. W. 5.

Defendants also claim that they were induced to enter into the contract by false and fraudulent representations of plaintiff, made with intent to deceive and mislead them. The allegations of the answer in respect to this alleged defense are as follows: "That plaintiff then and there, in order to induce defendant to sign such written contract, represented and stated to them that the disks and drills * * * which were manufactured by plaintiff were of a proper pattern and design, and were properly constructed, and that they would properly and satisfactorily do the work for which they were intended in the territory tributary to Neche, N. D., where

defendants were located, and where it was contemplated that they should sell the same, and that they were merchantable and the best in the market, all of which statements and representations were false and untrue, and all of which statements and representations were made with intent  *   *   *  thereby to deceive and mislead defendants and induce them to sign said written contract, and that defendants were deceived and misled thereby, and signed said written contract in reliance upon such statements and representations, and not otherwise.  *   *   *  That from time to time, relying on the statements and representations so fraudulently made to them, and under which they signed said written contract, defendants ordered and received of plaintiff  *   *   *  said disks," and "have been damaged by the fraud and deceit of plaintiff in the sum of $650 and upwards." Defendants claim that this constitutes a false and fraudulent representation of a material fact; that it vitiates the contract, and entitles them to a rescission of the contract and damages. It is not to be disputed that fraudulent representations of a fact will, under certain conditions, entitle the purchaser to annul the contract. It is difficult to construe this allegation of the answer as a statement of an existing or past fact. It wholly relates to the future so far as the working of the drills is concerned. So far as their construction is concerned, they are represented as properly constructed to work in a certain locality. What is proper construction of an article to do proper work in a particular locality is a matter of opinion concerning which men of equal judgment may well differ. There was no statement of a substantive fact respecting the construction of the machines. The statement was commendation, and an opinion as to its construction and use in one locality that will not sustain an annulment of the contract as a fraudulent representation of a fact. Bigelow on Fraud, p. 479; Hunter v. McLaughlin, 43 Ind. 38; Neidefer v. Chastain, 71 Ind. 363, 36 Am. Rep. 198. There are cases sustaining cancellation of contracts entered into in reliance on opinions. But the parties were not dealing as equals, or one of them was induced to forbear making inquiry as to the facts. The party injured was not the equal of the other mentally or in experience, or placed confidence in such opinion as coming from one who was his superior, and one in whom he had special confidence. There is nothing in this record showing such a state of facts. The defendants were dealers in these machines, or like ones, and had been for years. Defendants

had equal facilities and ability with the plaintiffs for determining whether these machines would work properly and were properly constructed to do the work intended for them in the vicinity of Neche, N. D. See Chrysler v. Canaday, 90 N. Y. 272, 43 Am. Rep. 166; Medbury v. Watson, 6 Metc. (Mass.) 246, 39 Am. Dec. 726; Gordon v. Parmelee et al., 2 Allen 212; Wren v. Moncure, 95 Va. 369, 28 S. E. 588; Lee v. McClelland, 120 Cal. 147, 52 Pac. 300; Cyc., vol. 9, p. 416, and cases cited. The statement that the machines were the best in the market, as a ground for avoiding the contract, is disposed of on the same reasons. It is not a statement of a fact, but a matter of pure opinion and praise. Esterly Harvesting Machine Co. v. Berg (Neb.), 71 N. W. 952.

Finally, it is claimed that the complaint does not state a cause of action, and that plaintiff's demurrer to the answer relates back to the complaint, and is available to the defendants to test its sufficiency. The defect claimed is that the proper measure of damages is not claimed; that, the title to the machines having been retained by the plaintiff, he cannot recover for the purchase price, but is only entitled to damages as prescribed by section 4988, Rev. Codes 1899. As we construe that section, it has no application to the facts of this case. Here the title was retained by the plaintiff for his own benefit, for security purposes solely. There had been a delivery of the machines to the defendants, and defendants had sold some of them. The plaintiff had the right to waive the security clause of the contract, and by commencing an action for the purchase price of the machines did waive it. As we construe section 4988, it applies to cases where there has been a refusal to accept the property purchased, or in cases where no delivery has followed the sale. At all events, the plaintiff may elect to claim damages in this case the same as though there had been an unconditional sale and delivery of the property. Plaintiff might have taken another remedy, but such other remedy is not exclusive. The following cases sustain this doctrine: Alden v. Dyer (Minn.) 99 N. W. 784; Campbell Mfg. Co. v. Hickok (Pa.) 21 Atl. 362; Shepard v. Mills (Ill.) 50 N. E. 709; Smith v. Barber (Ind. Sup.) 53 N. E. 1014; Cooper v. Cleghorn, 50 Wis. 113, 6 N. W. 491.

The order sustaining the demurrer is sustained. All concur.