. (120 N. W. 550.)

---

POIRIER MANUFACTURING COMPANY v. A. R. KITTS.

Opinion filed March 12, 1909.

**Words and Phrases — Conditional Sale Defined.**

1. A "conditional sale" is a sale in which the transfer of the title in the thing sold to the purchaser, or his retention of it, is made to depend upon the performance of some condition.

**Sales — Conditional Sale — Distinguished From Agency Contract.**

2. Contract examined and *held* to be a conditional sale contract, and not an agency contract.

**Same — Conditional Sale — Breach — Election of Remedies.**

3. The vendor, on breach of the terms of the conditional sale contract by the vendee, may elect to recover possession of the property, or waive his title, and sue for the value or selling price, but he cannot do both.

**Appeal and Error — Points Not Raised Below.**

4. The Supreme Court will not consider, as a ground for reversal of the judgment of the trial court and its order denying a new trial, a point not raised in the trial court.

**Sales — Rescission — Unconditional Offer.**

5. An offer to rescind a contract of sale on the ground of a breach of warranty, coupled with conditions as to payment of freight and storage, and to return only a portion of the property purchased, is not such an unconditional offer to rescind as can be sustained to defeat an action for the purchase price.

Sales — Affirmance by Buyer.

    6. The facts disclosed in the record in this case show an affirmance of the contract by the appellant.

(Syllabus by the Court.)

Appeal from District Court, Cass county; *Pollock, J.*

Action by the Poirier Manufacturing Company against A. R. Kitts. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Townley & Frankberg* and *Stambaugh & Fowler,* for appellant.

*Turner & Wright,* for respondent.

SPALDING, J.   This is an appeal from an order denying a new trial, and from a judgment entered in favor of the plaintiff on motion for a directed verdict. The complaint alleges the sale and delivery by the plaintiff to the defendant of merchandise consisting of seeding and drilling machinery, for which it is alleged the defendant agreed to pay $997.50. The answer is very lengthy. It is unnecessary to quote it, and we shall only refer to it briefly. It denies the sale of the machinery and the indebtedness, and pleads a contract in writing relating to the goods in question, the terms of which are referred to below. It alleges that defendant received from plaintiff, accepted and paid the freight on, 10 drills, 8 of which he was unable to sell on account of defective construction, etc.; that he received and holds $225 for plaintiff on account of the sale of 2 of said drills. The defendant then attempts to plead a counterclaim growing out of an alleged breach of warranty by reason of which he was damaged, in his effort to make the drills work, $50, and he also attempts to plead a rescission of the contract. To this answer and counterclaim the plaintiff interposed a general denial. The case was called for trial, and the size and kind of 10 drills received by defendant from plaintiff were shown, and the contract between the parties was offered in evidence, and received over the objection of the defendant, whereupon the plaintiff rested. The plaintiff then objected to the introduction of any evidence on the part of the defendant, substantially upon the grounds that the answer did not state facts showing a rescission of the contract, inasmuch as it did not show that all the property had been returned, or offered to be returned, and that the defendant had sold and used a part of it,

that the allegations of damages from breach of warranty were insufficient and an improper rule for damages pleaded, and that the answer failed to state facts constituting damages by way of time and money expended. The court overruled the objection of the plaintiff as to the $50 item of damage, but sustained it as to the balance, whereupon the defendant proceeded to offer proof. The court asked his attorneys if they wished to amend their answer; and, on their replying in the negative, the plaintiff's counsel submitted a motion to direct a verdict for plaintiff in the sum of $1,071.21. This motion was granted, and a verdict returned accordingly.

Three questions are presented by the assignments of error, and the brief and argument of the plaintiff, for our consideration. The first relates to the construction of the contract in question. It is urged by the appellant that it is a contract of agency, and that therefore it was improperly received in evidence, and forms no basis for the judgment. This requires us to consider the terms of the contract, and what its legal effect is when taken as a whole. It may be an agency contract, although the word "agent," or "agency," was not employed in it anywhere. On the other hand, it may be employed, and still the contract not create an agency. The word "agent" appears in only one place, and the construction which appellant relies upon he attempts to gather from its use in that instance. The respondent agrees to do certain things named and "to fill orders promptly so long as it has machines on hand and transportation can be procured, and to appoint no other agent for said territory; provided the party of the second part fully performs the foregoing stipulations and agreements." The word "agent" is employed in more than one sense, and it is frequently used to indicate that a merchant or dealer has the exclusive right to sell a specified article in certain territory, when in fact no agency exists. The dealer in no sense represents the manufacturer, but simply buys from him in the regular course of trade, and sells the specified article to the public. The public in such case, and sometimes the dealer himself, frequently refers to this as an "agency" for the article. Almost anyone can call to mind instances of this nature in everyday experience, and in every village and city. We are of the opinion that this is all that is meant by this provision in the contract. The appellant was given the exclusive right, as long as he complied with the conditions, to handle machinery of respondent's manufacture within the territory named. The agreement to appoint no other

agent means this, and nothing more. This is made clear by reading the contract entire, and considering the other provisions which it contains, and which are inconsistent with the theory of appellant. The appellant is authorized to sell the grain-seeding machinery manufactured by respondent in certain designated territory. The appellant agrees to purchase of respondent machinery of its manufacture to supply his trade, at prices shown on the list. The terms of payment are set out in the contract, and it provides that if the terms of payment are not complied with, and appellant does not purchase machinery of respondent for his entire trade in the territory named, the whole list is to immediately fall due, meaning, we take it, that the term of credit for the articles purchased shall immediately expire. Respondent agrees to deliver the goods purchased of it in specified quantities f. o. b. cars at its place of business, and at other places on terms named, and fill all orders promptly, and warrants its goods to do as good work as any of the kind, but only against breakage caused by manifest defect in material in the year in which sold, and that credit for parts to replace defective parts will be allowed only upon certain conditions, and retains the right to cancel the contract whenever dissatisfied with the party of the second part. The appellant agrees to accept the goods ordered when shipped, or to pay liquidated damages for refusing to do so, and to look to carriers for loss for damage to goods, and to sell or handle no other make of such machinery, and to make settlement on the 1st of May by note. And it is agreed that on certain conditions the time of payment shall be extended, and that settlement of accounts shall be consummated, only by written approval of an officer of the respondent at Gladstone, Minn. The contract also contains this provision: "In all cases the title and ownership of goods covered by this contract shall remain and be vested in the party of the first part, until sold by the party of the second part in the regular course of business, or settled for as above."

We are unable to construe this contract as a whole, which is the only rule for construing it, except as a conditional sale contract. "A conditional sale is a sale in which the transfer of title in the thing sold to the purchaser, or his retention of it, is made to depend upon the performance of some condition." 6 Am. & Eng. Enc. of Law, 437; Morrison Mfg. Co. v. Fargo Storage Co., 16 N. D. 256, 113 N. W. 605, 12 L. R. A. (N. S.) 820; note, 94 Am. St. Rep. 209. The vendor under contract of conditional sale may elect

whether he will recover possession of the property sold in which he still retains title, or waive his title and sue for the value or selling price, but he cannot do both. The respondent elected to bring suit for the purchase price. Dowagiac Mfg. Co. v. Mahon & Robinson, 13 N. D. 516, 101 N. W. 903 ; 6 Am. & Eng. Ency. of Law, 480, and cases cited ; Button v. Trader et al., 75 Mich. 295, 42 N. W. 834 ; Heller et al. v. Elliott, 44 N. J. Law, 467 ; Parke & Lacy Co. v. White Lbr. Co. et al., 101 Cal. 37, 35 Pac. 442 ; Truax v. Parvis, 7 Houst, (Del.) 330, 32 Atl. 227 ; Bailey v. Hervey, 135 Mass. 172 ; Morris v. Rexford, 18 N. Y. 552 ; Alpha Checkbrower Co. v. David Bradley & Co., 105 Iowa, 537, 75 N. W. 369 ; Turk v. Carnahan, 25 Ind. App. 125, 57 N. E. 729, 81 Am St. Rep. 85.

It is urged as a reason for reversing the judgment of the lower court that this action was brought prematurely ; that nothing was due until a settlement under the terms of the contract. We are not at all certain that it was incumbent upon the respondent to secure a settlement or even attempt to do so, before bringing this action, but in any event the point does not appear from the record to have been raised in the trial court, and it cannot therefore be considered on this appeal. McLain v. Nurnberg, 16 N. D. 144, 112 N. W. 243 ; Van Gordon v. Goldamer, 16 N. D. 323, 113 N. W. 609.

The third question discussed relates to the rescission of the contract by the appellant. The trial court evidently held that the answer of the defendant did not show a valid rescission of the contract. In this it was right. Appellant discusses this question very briefly. The ground on which he claimed the right to rescind was that the machinery purchased did not fill the warranty. He attempted to plead a breach of such warranty, but the trial court struck out that part of the answer relating thereto. The rule in both Minnesota and this state is that a breach of warranty entitles the buyer to rescind an agreement for sale, but not an executed sale, unless the warranty was intended to operate as a condition. McCormick v. Fields, 90 Minn, 161, 95 N. W. 886 ; Lynch v. Curfman, 65 Minn. 170, 68 N. W. 5 ; Rev. Codes N. D. 1905, § 5378. The answer alleges that at certain times during the spring and selling season of 1905 defendant gave plaintiff due notice of the defective condition of the machinery purchased, and at that time, and soon thereafter, offered to deliver the same to plaintiff, and here and now offers said machinery to plaintiff, and to make full and complete and just settlement to plaintiff on account of said drills and seeding machinery

under and by virtue of the terms of said contract, and that he now holds said eight drills and seeding machinery for plaintiff at Fergus Falls, Minn, subject to freight and storage charges. These were not such offers as create a rescission of the contract. They were not unconditional. The acts of the defendant, whether the drills sold by him were sold prior or subsequent to the offers to rescind, which is not disclosed by the record, affirmed the contract. Owens Co. v. Dougherty, 16 N. D. 10, 110 N. W. 78.

The judgment and order of the district court is affirmed. All concur.