INTERNATIONAL HARVESTER COMPANY OF AMERICA, Respondent, v. POTT et al., Appellants.

(142 N. W. 652.)

**1. Sales—Conditional Sales—Title.**

A sale of personal property under written contract, providing that title to the property or its proceeds shall remain in and be subject to control of vendor until full payment is made for the goods or of notes taken for purchase price, is a conditional sale.

**2. Conditional Sale Contract—Change to Absolute Contract—Giving Purchase Money Note.**

Where personalty was sold under written contract, providing that title should remain in vendor until paid for, and that in case buyer, a retail dealer, did not dispose of the property within a given time, **held**, the giving of a note by buyer for purchase price of part of such property does not change the contract to one of absolute sale.

**3. Measure of Damages—Acceptance of Delivery—Title—Remedy of Vendor.**

Where personal property sold on credit was immediately delivered to and accepted by the buyer, under a contract providing that title should remain in vendor until paid for, **held**, the vendor may sue thereunder for the contract price as such price represented by the note in suit, given pursuant thereto, and Civ.

Code, Sec. 2303, providing that damages from breach of buyer's agreement to accept and pay for personalty, the title to which is not vested in him, shall in case of resale be the difference between contract and resale price, and if not resold, shall be the difference between contract price and the value to vendor plus excess cost of delivery, etc., does not apply, but governs only where buyer refuses to receive, accept, and pay for the goods, title to which remains in vendor. **Held,** further, that Sec. 2303 applies as well where title has not passed for reasons other than that there was a conditional sale contract, as where it was such a one.

Smith, J., dissenting as to the latter holding, and concurring specially in the result.

(Opinion filed June 24, 1913.)

Appeal from Circuit Court, Grant County. Hon. FRANK McNULTY, Judge.

Action by the International Harvester Company of America against Nick Pott, Peter Pott, Joseph Pott, and N. M. Pott, co-partners as N. Pott & Sons, to recover upon a promissory note given by defendants to plaintiff for part of purchase price of personalty sold to them by plaintiff under an alleged conditional sale. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Thos. L. Bouck,* for Appellants.

Under section 2303, Civ. Code, the seller has no right of election to retake the property and he cannot reserve and have the title vested in him and maintain an action for the purchase price, even though the property has been delivered to the buyer. Dowagiac Mfg. Co. v. White Rock L. & H. Co., reported in 18 S. D. 105, 99 N. W. 854, and on rehearing in 26 S. D. 374, 128 N. W. 334.

The sale contract, as a conditional one, was not changed by giving the note. The title, under the contract, was to remain in the respondent; and subject to its order, "until full payment shall have been made by the purchaser to said company for said goods, or of any notes taken for the purchase price thereof." This plain provision certainly means that respondent had title to the engine until the same was fully paid for as provided in the contract, and until any notes taken pursuant to the contract were paid in full; and the only manner in which appellants could acquire the title

would be by payment of the notes. Even if the contract had not provided for the giving of the note and the defendants had given same, the giving thereof would not have amounted to a payment for the engine, unless it was expressly so agreed, and unless it was taken in payment the respondent could still rely upon its contract and claim title to the property. Baker v. Baker, 2 S. D. 261, 49 N. W. 1064; Estey v. Birnbaum, 9 S. D. 174, 68 N. W. 290; Bierce v. Hutchins, 205 U. S. 340, 51 L. Ed. 828; 30 Cyc. 1194.

The engine was to be paid for November 1, 1910; if unsold a note was to be taken due November 1, 1911. This shows that the note in question was simply a writing extending the time of payment. Washington Slate Co. v. Burdick, (Minn.) 62 N. W. 285; Petty Place v. Groton Bridge Co., (Mich.) 61 N. W. 266; Monitor Drill Company v. Mercer, 163 Fed. 943.

*Thad. L. Fuller,* for Respondent.

It was expressly agreed by and between the parties to this contract that under no circumstances was the purchaser to be released from making the payments as stipulated. It cannot be said that the engine was to be subject to the order of the said company, but that the proceeds in case of sale and purchase price notes taken by them therefor and proceeds arising from said purchase price notes should be subject to its order.

The words "accept note" have a significance in this case as to the intent of the parties in using the word "accept." Especcially is this made clear from the fact that the engine was sold upon terms net cash, Nov. 1, '10, less 7 per cent. if paid 11-1-10. The note was accepted by the plaintiff made upon the due date for cash in lieu of cash; and, by the making of the note for the Type "C" Traction Engine, the title of the engine passed, the note became a binding and existing obligation to pay. That appellants did accept the engine is beyond dispute.

The vendor under a contract of conditional sale may elect whether he will recover possession of the property sold in which he still retains title, or waive his title and sue for the value or selling price, but he cannot do both. The respondent elected to bring suit for the purchase price. Dowagiac Mfg. Co. v. Mahon & Robinson, 13 N. D. 516, 101 N. W. 903; 6 Am. & Eng. Ency. of Law, 480, and cases cited; Button v. Trader et al., 75 Mich. 295, 42 N. W. 834; Heller et al. v. Elliott, 44 N. J. Law, 467;

Parke & Lacy Co. v. White Lbr. Co. et al., 101 Cal. 37, 35 Pac. 442; Bailey v. Hervey, 135 Mass. 172; Turk v. Carnahan, 25 Ind. App. 125, 57 N. E. 729, 81 Am. St. Rep. 85.

By giving the note the remedy upon the debt was thereby suspended until the maturity of the note. Lundburg v. N. W. Elevator Co., 43 N. W. 635; 2 Daniel, Neg. Inst., §§ 1312, 1329; Paine v. Voorhees, 26 Wis. 530, 531, 2 Chit. Cont. 1134; Whart. Cont. § 954.

If title has passed to buyer, and he refuses to receive, seller can recover the full price, although retaining the goods. Rastetter v. Reynolds, 160 Ind. 133.

As to construction of section 2303, Civ. Code, we contend that when a conditional sale contract provides that the seller may regain possession on default, he may elect whether to take the property or require payment, but cannot do both. Muncy v. Brain, (Cal.) 110 Pac. 945; Sales, Dec. Dig., Sec. 479; 42 Pac. 435, 109 Cal. 353; 13 N. D. 516, 101 N. W. 903; 120 N. W. 558; 12 Okla. 20, 69 Pac. 653; 32 Mont. 567, 81 Pac. 342; 153 Fed. 258, 82 C. C. A. 588.

The seller under a conditional sale contract may, on the default of the buyer, elect to affirm the sale and treat it as absolute and sue for the price. 35 Cyc. 706, note 7; 20 Atl. 475.

WHITING, P. J. Respondent corporation is the manufacturer of a line of farming machinery, and the appellant is a copartnership engaged in the retail sale of farm machinery at Milbank, S. D. The parties entered into a contract, of which the following parts are material to the questions involved herein:

"It is further agreed, by and between the parties hereto, that the title to, and the ownership, of all goods which may be shipped under the terms of this contract shall remain in and their proceeds (in case of sale) shall be the property of International Harvester Company of America, and subject to the order of the said company until full payment shall have been made by the purchasers to said company for said goods or of any notes taken for the purchase price thereof, but nothing in this clause shall release the purchaser from making payments as above stipulated.

"Engines.

| "Number  "Ordered  "One | Gas or Gasoline Engines  Complete  20 H.P.  Type 'C'  .  25   "   2-Cylinder Vertical | Net  Price  Each  $1400.00 |

"If still on hand unsold 11-1-10, will accept note due 11-1-11,
8 per cent. after due.   Same discount to apply 1911."

Under this contract the respondent shipped to appellants, and
appellants accepted and received into their possession, the 20 H. P.
type "C" engine therein mentioned, as well as other machinery.
The engine remaining unsold, appellants executed and delivered
to respondent under date of September 9, 1910, their promissory
note for $1,400 due November 1, 1911, with interest at 8 per cent.
from that date, the said note, as shown by the evidence received,
being given in compliance with the above clause attached to the
said contract.    This note remaining unpaid, respondent brought
an action to recover thereon, and the appellants defended upon the
ground that, under the above contract and the facts as above stated,
appellants were not liable on said note.   Upon the trial, both par-
ties having moved for a direction of verdict, the trial court took
the cause from the jury, made findings of fact and conclusions of
law in favor of the respondent, and entered judgment thereon.
Among other things found by the trial court was that upon the
giving of the note the title to the engine in question passed to the
appellants.   The trial court seems to have based its judgment upon
the ground that by such passing of title the conditional sale ter-
minated—the sale became absolute—and appellants' liability on the
note became absolute.   From said judgment and an order over-
ruling motion for new trial this appeal was taken.

Appellants contend that the contract entered into between the
parties was one for the conditional sale of personal property; that
the giving of the note did not change the nature of said contract
or create a new contract; that, the contract of conditional sale
remaining in full force and effect, the title to the engine remained
vested in the respondent corporation; and that, therefore, this
cause comes under, and is controlled by, the decisions of this court
in the case of Dowagiac Mfg. Co. v. White Rock Lumber & Hard-
ware Co., reported in 18 S. D. 105, 99 N. W. 854, and, upon re-

hearing, in 26 S. D. 374, 128 N. W. 334. Respondent contends that, while the original contract was one of conditional sale, the giving of the note terminated the conditional sale and passed title in said engine to the appellants, thus giving respondent the right to recover upon the note.

[1] Both parties concede that the contract entered into was one of conditional sale; this could hardly be otherwise under the authorities. Poirier Mfg. Co. v. Kitts, 18 N. D. 556, 120 N. W. 558; Bierce v. Hutchins, 205 U. S. 340, 27 Sup. Ct. 524, 51 L. Ed. 828; Alden v. Dyer & Bro., 92 Minn. 134, 99 N. W. 784; Freed Furniture & Carpet Co. v. Sorensen, 28 Utah, 419, 79 Pac. 564, 107 Am. St. Rep. 731, 3 Ann. Cas. 634; Monitor Drill Co. v. Mercer, 163 Fed. 943, 90 C. C. A. 303, 20 L. R. A. (N. S.) 1065, 16 Ann. Cas. 214.

[2] It is uniformly held that the giving of a note to represent the purchase price does not change a contract which would otherwise be one for conditional sale to one of absolute sale. This has even been held when such note was given upon a settlement had after the contract had been entered into and where such contract made no provision for such method of settlement. Freed Furniture & Carpet Co. v. Sorensen, supra, wherein the court held, as shown by the syllabus: The fact that subsequent to a sale of goods shown to be conditional by the note taken for the purchase price the parties ascertain and adjust their accounts, and the vendee makes a new note for the balance due, does not make the transaction an absolute sale with security for the debt. See note following above case. A reference to the contract involved in this action will show that a settlement by a note was contemplated by the contract itself, such contract providing that for machinery unsold the purchasers at their option might give the very note that they did give in this case; and such contract specifically provided that the title to the unsold property should remain in the vendors until the payment of the note so given. This brings this case directly in line with the facts in Monitor Drill Co. v. Mercer, supra, wherein the court said: "The taking of the notes for the purchase price, and the taking of collateral security, did not in any way qualify the conditional sale features of the contracts. This was expressly held in Bierce v. Hutchins, 205 U. S. 340, 27 Sup. Ct. 524, 51 L. Ed. 828. * * * But it is urged that the effect of

the settlement in August was a novation of contract. Such contention has no force, as it was provided in the contract that a settlement should be had and notes given as was done. It would only be natural for the parties, even when the sale was conditional, to provide that at the close of the sale season a settlement should be made and an account taken to determine what portion of the goods had been sold by second party and an adjustment made with respect thereto." It follows, therefore, that the trial court was in error in holding that, upon the giving of the note, title passed to the purchaser—the giving of such note effected no change except that it determined the balance due for the unsold engine.

[3] It is conceded that the possession of this engine was delivered to and accepted by the purchasers under and by virtue of such contract. It therefore follows that section 2303, Civ. Code, has no application to the facts of this case. Said section reads as follows: "The detriment caused by the breach of a buyer's agreement to accept and pay for personal property, the title to which is not vested in him, is deemed to be: (1) If the property has been resold, pursuant to section 2151, the excess, if any, of the amount due from the buyer, under the contract, over the net proceeds of the re-sale; or (2) If the property has not been resold in the manner prescribed by section 2151, the excess, if any, of the amount due from the buyer, under the contract, over the value to the seller, together with the excess, if any, of the expenses properly incurred in carrying the property to market, over those which would have been incurred for the carriage thereof, if the buyer had accepted it." Appellants, relying upon the decisions of this court in the Dowagiac-White Rock Cases, supra, contend that, under such decisions—this contract still remaining a conditional sale—section 2303 is controlling as to the amount respondent was entitled to recover, and that, respondent having offered no evidence showing any damages under such section, verdict herein should have been directed for appellants. It is unfortunate that this court did not make clearer the grounds for its holding in the two Dowagiac-White Rock decisions. It seems perfectly clear to us that section 2303 applies as well in cases where title has not passed for reasons other than that the contract was one of conditional sale as where it was such an one. Such statute would certainly apply under the facts found in McCormick Harvesting

Mach. Co. v. Balfany, 78 Minn. 370, 81 N. W. 10, 79 Am. St. Rep. 393, and in the vast number of cases cited in notes to 17 L. R. A. (N. S.) 807. The one controlling and essential element, the existence of which is necessary in order for either section 2302 or section 2303 to apply, is that said contract shall still be executory, in that the *purchaser has not accepted the property under the contract*. If he has not accepted the property, but title has vested in him, section 2302 applies; if he has not accepted the property and title has *not* vested in him— *no matter why it has not vested*—then section 2303 applies. It follows that the only theory upon which the views of the majority of the court in the two Dowagiac-White Rock Cases can be supported is that defendant became possessed of the goods under the prior commission contract, and that, although it entered into the subsequent conditional sale contract covering these same goods, yet that it had never accepted such goods under such contract. See Sioux Falls Adj. Co. v. Aikens, 142 N. W. 651, decided this term.

In those states where there is no statute controlling there will be found an irreconcilable conflict as to the proper rule of damages where there has been a breach of a buyer's agreement to accept and pay for personal property, especially is this true in those cases wherein title to the property had not vested in the purchaser. Both 35 Cyc. 592, and 24 Am. & Eng. Ency. of Law (2d Ed.) 1118, state the general rule to be that the measure of damages, when the buyer repudiates the contract and refuses to receive and accept the goods, is the difference between the contract price and the market value of the goods at the time and place of delivery. That there is much conflict is noted by both the above authorities. One cannot but be impressed with the unsettled condition of the law on this matter by examining some of the authorities, among them the following: White v. Solomon, 164 Mass. 516, 42 N. E. 104, 30 L. R. A. 537; National Cash Register Co. v. Hill, 136 N. C. 272, 48 S. E. 637, 68 L. R. A. 100, and notes in 68 L. R. A., reviewing a vast number of the authorities upon this question; Morris v. Cohn, 55 Ark. 401, 17 S. W. 342, 18 S. W. 384. That there is a like conflict of authority in those cases where title has passed but the purchaser has refused to accept possession is well shown by the extensive notes following the case of Acme Food Co. v. Older, 64 W. Va. 255, 61 S. E.

235, 17 L. R. A. (N. S.) 807. For the purpose of settling the rules of damages in all cases where a sale had not been consummated by an acceptance of the goods under the contract, several of the states have enacted statutes. Thus the Territory of Dakota, by sections 1957 and 1958 of the Civil Code of 1877, prescribed the rules of damages now to be found in sections 2302 and 2303, supra, which sections are retained in our sister state as sections 4987 and 4988, Code of 1899, and in California as sections 3310 and 3311, Civil Code. This court has properly applied section 2302, supra, in the case of Dowagiac Mfg. Co. v. Higinbotham, 15 S. D. 547, 91 N. W. 330; and an illustration of the proper application of our section 2303, supra, will be found in the case of Habenicht v. Lissack, 77 Cal. 139, 19 Pac. 260. The case of Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 903, wherein, as in this case, it was sought by the purchaser to apply the rule of damages prescribed by their section 4988 (being our section 2303), is a case on all fours with this case, in that it was one where property had been sold under a contract for a conditional sale and the purchaser had accepted such property under said contract. The court said: "The defect claimed is that the proper measure of damages is not claimed; that the title to the machines having been retained by the plaintiff, he cannot recover for the purchase price, but is only entitled to damages as prescribed by section 4988, Rev. Codes 1899. As we construe that section, it has no application to the facts of this case * * * As we construe sections 4988, it applies to cases where there has been a refusal to accept the property purchased, or in cases where no delivery has followed the sale. At all events, the plaintiff may elect to claim damages in this case the same as though there had been an unconditional sale and delivery of the property. Plaintiff might have taken another remedy, but such other remedy is not exclusive. The following cases sustain this doctrine: Alden v. Dyer, 92 Minn. 134, 99 N. W. 784; Campbell Mfg. Co. v. Hickok, 140 Pa. 290, 21 Atl. 362; Shepard v. Mills, 173 Ill. 223, 50 N. E. 709; Smith v. Barber, 153 Ind. 322, 53 N. E. 1014; Cooper v. Cleghorn, 50 Wis. 113, 6 N. W. 491." That, under a conditional sale contract where possession of property has been accepted by purchaser, as noted in the above opinion, the seller has the election to sue for the pur-

chase price, or to sue to recover the property, is held by the authorities without one single dissent. See upon this question Williston on Sales, § 579; Smith v. Aldrich, 180 Mass. 367, 62 N. E. 381; Bierce v. Hutchins, supra; Alden v. Dyer & Bro., supra; Poirier Mfg. Co. v. Kitts, supra; Turk v. Carnahan, 25 Ind. App. 125, 57 N. E. 729, 81 Am. St. Rep. 85; Haynes v. Temple, 198 Mass. 372, 84 N. E. 467; and particularly the following cases wherein this rule is upheld to the extent of holding that, even when the property has been injured or destroyed while in the possession of the purchaser and without his fault, he is holden, at the option of the vendor, for the purchase price; Hurley & Willis v. Stanley, 25 Okl. 89, 105 Pac. 188, 138 Am. St. Rep. 900, and vast number of cases cited in note following same; Marion Mfg. Co. v. Buchanan, 118 Tenn. 238, 99 S. W. 984, 8 L. R. A. (N. S.) 590, 12 Ann. Cas. 707, and many late cases in the note following same.

It follows from the above, first, that the contract entered into by the parties hereto was one for the conditional sale of the engine in question; second, that the giving of said note in no manner changed the nature of said contract; third, that, inasmuch as the purchaser had accepted the goods under and by virtue of said contract, the vendor had the right to elect to sue for and recover the purchase price of said engine as such purchase price was represented by said note.

The judgment and order appealed from are affirmed.

SMITH, J. (concurring specially). I concur in the conclusion reached by Justice WHITING. I am inclined to think, however, that if the views of the court in Dowagiac Mfg. Co. v. White Rock Lumber Co., 26 S. D. 374, 128 N. W. 334, were not fully stated, the opinion in this case is based upon the same inaccuracy, namely, that the provision of the contract referred to is construed as a conditional sale, and not as security for payment of the purchase price. In this, as in the former case, counsel on both sides have conceded and argued the case on the assumption that the contract constituted a conditional sale, and that liability depended upon the passing of title by delivery. In both cases the conclusion reached is correct on either theory. But it occurs to me that the fundamental error of both counsel and court is in assuming that sec-

tion 2303, Civil Code, may have application to a contract such as existed in this case. I think the provision of this contract as to reservation of title in the seller should be construed as security for payment of the purchase price, and not as an executory or conditional sale. When thus construed, the question of delivery, as well as the reservation of title in the vendor, becomes wholly immaterial, so far as the right of the vendor to sue for the purchase price is concerned.

The contract in this case was for the purchase by defendant from plaintiff of one 20-horse power gasoline engine for the sum of $1,400 understood to be purchased for resale by defendants, and provided that, if the engine was not sold on or before November 1st, thereafter a note should be given for the purchase price, due in one year, drawing interest at 8 per cent. per annum. The engine was delivered as ordered and a note for the purchase price due in one year was given by defendants, pursuant to the terms of the contract. The contract of purchase further provides that the ownership of the engine shall remain in the plaintiff company, subject to its order, until full payment of the purchase price, and concludes as follows: "But nothing in this clause shall release the purchaser from making payments as above stipulated." A careful consideration of these provisions of the contract makes it perfectly clear that the contract of sale became executed as to the vendor, and the liability of the defendants for payment of the purchase price was intended to become and did become absolute and complete according to the terms of the note given therefor. Such being the clear intent expressed in the contract, the reservation of title in the plaintiff could have been for no other purpose than as a security for payment of the purchase price. This could hardly be made clearer than it is made by the language of the contract, which says: "Nothing in this clause shall release the purchaser from making payments as above stipulated." The legal rights and relations between vendor and purchaser, and the legal rights of persons who stand to each other in the relation of mortgagor and mortgagee or lienholder, are governed by distinct rules, well defined by the statutes and decisions of the courts and fully understood by the legal profession. The contract of purchase was fully executed on the part of the vendor, when the engine was delivered to and accepted by the defendants. The liability to pay the pur-

chase price thereupon became fixed and absolute under the contract. The retention of title in the vendor could have been for no other purpose than as security for payment of the purchase price. It is perfectly plain that section 2303, Civil Code, has application only to executory contracts for purchase and sale of personal property, and can have no application as a rule of damages or otherwise to an executed contract. The rule of damages there prescribed is for the breach of *an agreement to buy and pay for property,* and not a breach of an agreement to pay for property purchased and delivered. I think the correct view was taken by the Supreme Court of North Dakota in the case of Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 903, a case cited by Judge WHITING, which I think is opposed to the view expressed in the language of the opinion particularly excepted to as hereinafter stated. That case involved the construction of a contract containing a clause identical with that before us in this case, and the precise question here involved was determined in that case. The question was there presented upon a demurrrer to the complaint, and in discussing it the court says: "The defect claimed is that the proper measure of damages is not claimed; that, the title to the machines having been retained by the plaintiff, he cannot recover for the purchase price, but is only entitled to damages as prescribed by section 4988, Rev. Codes 1899. As we construe that section, it has no application to the facts of this case. Here the title was retained by the plaintiff for his own benefit for security purposes solely. There had been a delivery of the machines to the defendants, and defendants had sold some of them. The plaintiff had the right to waive the security clause of the contract, and by commencing an action for the purchase price of the machines did waive it. As we construe section 4988 (section 2303), it applies to cases where there has been a refusal to accept the property purchased, or in cases where no delivery has followed the sale." In other words, where the contract is executory. In short, I think this contract should not be construed as giving the vendor an optional right to rescind the contract and reclaim the property as absolutely its own, or to treat the contract as an executed sale, retaining title as security with a right to enforce the obligation of the vendee to pay the purchase price, as one or the other may best suit its interests. The language in the contract

should be construed; and, when the true intention is ascertained, it should be given effect, and the rule governing the rights of the parties under the contract as construed should be applied. Clauses of this kind should be construed either as security for an absolute liability of the vendee, or as a conditional sale conferring the right of rescission upon the vendor, which would release the vendee from liability. I think this contract should be construed as an absolute sale and delivery, with retention of title in the vendor as security. In this connection it may be observed that, if a contract be construed as a conditional sale, it is well settled that the vendor may waive the condition as to title, and treat the contract as executed and as vesting title in the vendee, in which case he may sue for the full purchase price. It is not contended in this case that the vendor has elected to pursue the latter remedy. But, had he done so, it would not affect his right to recover the purchase price. When the vendor brought this action, it made an election which estopped it from claiming that it held title to the property under any right other than as security for payment of the purchase price, and it waived any possible right to claim a rescission of the contract. The liability of the vendee is therefore absolute in any view of the case.

The retention of the title as security in no manner affects or limits the right of the debtor to sue and recover judgment upon the indebtedness, regardless of the security. I am further persuaded that section 1315 of the Civil Code, which provides for the filing of contracts of this character in the register of deeds office of the county where the vendee resides, recognizes the retention of title in the vendor as a security, and was intended as protection to persons who deal with the vendee without notice of the retention of title in the vendor. Upon a conditional sale, the vendor, upon breach of the condition, may rescind the sale and reclaim possession of the property. This he may not do if he holds the title only as security on an executed sale. His remedy is foreclosure of the lien. In conditional sales the vendor who has fully performed his part of the contract may waive the condition as to title and sue for the purchase price. Dowagiac Mfg. Co. v. Mahon, supra. If the vendor resumes possession without rescinding, he holds the property as security only, and may sue for the purchase price and to foreclose his lien. For reasons which are

suggested rather than discussed, I am compelled distinctly to dissent from that portion of the opinion in which Justice WHITING says: "It seems perfectly clear to us that section 2303 applies as well in cases where title has not passed for reasons other than that the contract was one of conditional sale, as where it was such an one." This language necessarily would make section 2303, Civil Code, applicable to a sale upon a contract where title to the property may have been unquestionably retained as security only or where the contract was conditional with right of rescission or waiver. I cannot agree to this conclusion, or to the results which follow such a line of reasoning.

An interesting and illuminating discussion of this question is found in Williston on Sales, § 579. I do not care to discuss it further at this time.