## BURROUGHS ADDING MACH. CO. v. SCANDINAVIAN-AMERICAN BANK.

(District Court, W. D. Washington, N. D.   January 23, 1917.)

No. 3454.

1. ACTION ⬚25(4)—ACTIONS FOR PURCHASE PRICE—DEFENSES—FRAUD.

Under Act March 3, 1911, § 274b, as added by Act March 3, 1915, c. 90, 38 Stat. 956, providing that in all actions at law equitable defenses may be interposed by answer, plea, or replication, without the necessity of filing a bill on the equity side of the court, a buyer can plead the equitable defense of fraudulent misrepresentations in an action of assumpsit against him by the seller for the purchase price of the goods.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 153; Dec. Dig. ⬚25(4).]

2. FRAUD ⬚11(1)—MISREPRESENTATIONS—STATEMENTS OF FACT.

Representations by the seller of bookkeeping machines, who had examined the system employed by plaintiff, that the work then being done by eight men with adding machines could be done by four men with the bookkeeping machines, whereby the buyer was induced to purchase the machines, were representations of fact, not statements of opinion.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 12; Dec. Dig. ⬚11(1).]

3. EVIDENCE ⬚434(11)—PAROL EVIDENCE—WRITTEN CONTRACT OF SALE—FRAUDULENT REPRESENTATIONS.

Parol evidence is admissible to show that the contract for the sale of machines evidenced by written memoranda was procured by fraudulent representations, since such evidence does not vary the contract, but shows that no valid contract had in fact been entered into.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2013, 2014; Dec. Dig. ⬚434(11).]

4. PLEADING ⬚94—ACTIONS BY SELLER—DEFENSES—PLEADING SEPARATELY.

In an action for the purchase price of certain machines, the defenses that the sale had been procured by fraudulent representations and that the machines were mechanically imperfect should be separately pleaded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 191, 192; Dec. Dig. ⬚94.]

At Law. Assumpsit by the Burroughs Adding Machine Company against the Scandinavian-American Bank. On plaintiff's motion to strike a portion of the answer, or in the alternative to compel defend-

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ant to state separately its causes of defense. Motion to strike denied, and defendant ordered to state its defenses separately.

Tucker & Hyland, of Seattle, Wash., for plaintiff.

Ballinger, Battle, Hulbert & Shorts, of Seattle, Wash., for defendant.

NETERER, District Judge. This is an action of assumpsit to recover upon written memoranda by which the defendant ordered certain adding machines. The defendant, answering, admits the execution of the memoranda, and then says: That the plaintiff practiced fraud in inducing the defendant to sign the contract, in that the plaintiff made representations of facts which did not exist, which were believed by the defendant, and which moved it to enter into the contract; that the defendant is a banking concern, employs six bookkeepers and two statement men, and also operated two adding machines, used by the employés in making out the statements of individual accounts; that the plaintiff "made an examination of the defendant's books, its method of bookkeeping, and its manner and method of getting out statements for each individual depositor in said bank, and familiarized himself with the amount of work to be done, * * * and further stated, in effect, to the defendant, that the machines would do the work of four men, and that the work could be done, that was being done by the eight men and two machines then employed, by four men and the plaintiff's machines; that the defendant's officers stated that, if such statements were true, it would purchase the four machines, and that the defendant was assured such statements were true, and that the defendant thereupon signed the order; that the machines were thereafter installed, and experts were employed, and the machines given a thorough trial, and "utterly failed to perform the work, either in character or amount, represented by the plaintiff; that said machines, and each and all of them, were not mechanically perfect, were not efficient, and could not do and perform the work represented by the plaintiff, and after a thorough trial, and after the assistance of experts of the plaintiff company, it developed that said machines were a failure, and on account thereof this defendant was unable to use them, and was required to go back to its former system of doing its work"—and then states that the representations were false, were known to be false at the time, and that the machines have been stored, subject to the order and disposition of the plaintiff.

The plaintiff has moved to strike all of that part of the answer which sets up the fraudulent representations, as irrelevant and immaterial, and not proper to be set up in a defense of the matters set forth in the complaint, and in the alternative moves that the defendant be required to state separately its causes of defense, one appearing on the ground of false representations, and the other being on the ground of failure of the machines to be mechanically perfect, in the event the court should deny the first motion.

[1] This defense is urged under section 274b of the act of March 3,

1915 (38 Stat. 956; 1916 Supp. Fed. Stat. Annot. page 138), which provides:

"That in all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject matter of the suit may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

Prior to the enactment of this provision equitable defenses could not be asserted in a law action, but under this provision the equitable defense can be urged in the instant case.

The plaintiff contends that the memoranda cover the entire agreement of the parties, and that there is no warranty in the written memoranda, and therefore the rights of the defendant are limited by the agreement, and that the representations claimed to have been made are merely the vendor's opinion, judgment, or estimate as to what the machines would do, and do not amount to a warranty, and quotes the rule set out in 35 Cyc. 383, and also, Carver-Shadbolt Co. v. Norman Loch, 87 Wash. 453, 151 Pac. 787, in which the court held that representations, made upon selling a hay stacker, that it would stack hay from 50 cents to $1 cheaper than a "T" stacker in use by the vendee, cannot be held to be a warranty, but are a mere expression of opinion constituting "seller's praise," and not actionable, and also cites De Witt v. Berry, 134 U. S. 306, 10 Sup. Ct. 536, 33 L. Ed. 896, in which it was said that, if a contract of sale is in writing and contains no warranty, parol evidence is not admissible to add a warranty; and Seitz v. Brewers' Refrigerating Machine Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837, is also cited by the plaintiff. In that case it was held that since the contract was couched in terms importing a complete legal obligation, and no uncertainty as to the object or extent of the engagement obtained, it would be conclusively presumed that the whole engagement of the parties and the manner of their undertaking were reduced to writing, and the parties would be bound thereby. The court expressly stated, however, that there was no pretense of fraud, accident, or mistake.

In Milwaukee Boiler Co. v. Duncan, 87 Wis. 120, at page 125, 58 N. W. 232, at page 234 (41 Am. St. Rep. 33), an action to recover the balance due on the price of a boiler furnished upon the defendant's written order, the court, in refusing to consider a parol contract sought to be established with relation to a warranty, said:

"It is equally well settled that, if the article is sold by a formal written contract which is silent on the subject of warranty, no oral warranty made at the same time or previously can be shown, as the writing is conclusively supposed to embody the whole contract; nor can any additional oral warranty be ingrafted or added to one that is written."

In Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 903, the court stated that an answer and counterclaim alleging a written contract of sale of drills and disks provided that they were of proper pattern, and properly constructed to do the work at the place where the vendees were employed, and which was entered into in reliance upon such statements and representations, does not state a defense or counterclaim for fraud and deceit. The court (13 N. D. at page 523, 101 N. W. at page 904), however, said:

"It is not to be disputed that fraudulent representations of a fact will, under certain conditions, entitle the purchaser to annul the contract. It is difficult to construe this allegation of the answer as a statement of an existing or past fact. * * * "

[2] In this case I think we must bear in mind that the defendant employed a certain system for doing a given kind and amount of work; that the plaintiff examined into the amount and character of work, the facilities employed, and after such examination sold to the defendant the machines to do that particular work with a given number of men. The machines were sold for a definite purpose and for a definite character of work, and "utterly failed" to perform the work. The language in the answer is conclusive that the defendant was induced to enter into the contract by representations of the plaintiff, said to be false and fraudulent. It is a well-settled exception to the general rule excluding parol evidence to affect a written contract that, where the parties were induced to enter the same by false and fraudulent representations, parol evidence may be received for the purpose of showing fraud. 14 Amer. & Eng. Enc. of Law (2d Ed.) page 199. The contention of the defendant is, not that parol evidence should be received to vary the terms of the written contract, but rather that, because of the false and fraudulent representations made, no contract was entered into. There is a distinction between statements to vary the terms of a contract and statements to show that no contract in fact had been entered into. Schroeder v. Hotel Commercial Co., 84 Wash. 685, 147 Pac. 417. In the one case the parol testimony to show specific warranties is not admissible, because it varies the terms of a written contract; whereas, in the other case, fraudulent representations may be shown for the purpose of vitiating the contract.

In Kirby v. Thurmond (Tex. Civ. App.) 152 S. W. 1099, an action to rescind a contract upon the ground of misrepresentations, the plaintiff alleging that the defendant misrepresented the quantity of the goods in the store, amount of business transacted, etc., in the written contract making the transfer appeared this clause:

"It is understood that said stock is sold as it now stands and the vendor does not warrant as to quantity."

The defendant contended that parol testimony could not be received to vary the terms of the written contract. The court held that fraud vitiates all contracts, and that, if a party perpetrates a fraud that induces another to change his relation, parol evidence may be received to establish the fact. If the statements of the defendant in its answer are true, and the court should hold that parol evidence could not

be received as to statements made which induced the defendant to sign the contract, then the court would hold the maxim that fraud vitiates every transaction no longer to be the rule. Such a principle would in a short time break down every barrier which the law has erected against fraudulent dealing. With respect to the matters charged in the answer and the transactions set forth between the parties, it cannot be said that the parties dealt with each other at arm's length, and that the defendant had knowledge, or could have obtained it, as to the capacity of the machines; but the answer states that the plaintiff was advised and examined into the need of the defendant, and, after ascertaining the need of the defendant, made the representations and sold the machines to meet this demand, and that the defendant, being in ignorance of the fact, believed the statements which were thus falsely and fraudulently made. I think the defendant clearly comes within the holding of the Supreme Court of the United States in Smith v. Richards, 13 Pet. (Curtis Ed.) 18, in which the court, at page 24 (10 L. Ed. 42), said:

"In 1 Maddock's Chancery, 208, it is thus stated: If, indeed, a man, upon a treaty for any contract, make a false representation, whether knowingly or not, by means of which he puts the party bargaining under a mistake upon the terms of bargain, it is a fraud, and relievable in equity. The doctrine thus laid down is almost in the very words used by the Chancellor, in the case of Neville v. Wilkinson, L. Brown's Chan. Cases, 546, * * * and the part of the proposition embraced by these words is founded upon the case of Ainslie v. Medicot, 9 Vesey, 21, which fully sustains Mr. Maddock. In this latter case the following strong language is used: 'No doubt by a representation a party may bind himself just as much as by an express covenant. If, knowingly, he represents what is not true, no doubt he is bound. If, without knowing that it is not true, he takes upon himself to make a representation to another, upon the faith of which that other acts no doubt he is bound, though his mistake was perfectly innocent. * * * In 1 Story's Equity, 201, 202, it is thus stated: 'Where the party intentionally, or by design, misrepresents a material fact, or produces a false impression, in order to mislead another, or to entrap or cheat him, or to obtain an undue advantage of him; in every such case * * * there is an evil act, with an evil intent—dolum malum ad circumveniendum. And the misrepresentation may be as well by deeds or acts, as by words; by artifices to mislead, as by positive assertions.' Whether the party thus misrepresenting a fact knew it to be false, or made the assertion without knowing whether it were true or false, is wholly immaterial; for the affirmation of what one does not know, or believe to be true, is equally, in morals and law, as unjustifiable as the affirmation of what is known to be positively false. And even if the party innocently misrepresents a fact, by mistake, it is equally conclusive; for it operates as a surprise and imposition on the other party. Or, as Lord Thurlow expresses it, in Neville v. Wilkinson, 'it misleads the parties contracting, on the subject of the contract.' "

[4] I think the motion to strike should be denied. The defendant however, should separately state his causes of defense, so that one will set out the fraudulent representations, and the other the mechanically imperfect construction.